## LE SASSIER *v.* KENNEDY.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Argued November 7, 1887. — Decided December 5, 1887.

A sold to B shares in a national bank, and signed a transfer on the books of the company, leaving the name of the transferee blank. After it was known that the bank was embarrassed, B sold the shares to C, an irresponsible person, and filled his name in in the blank. A, being subsequently adjudged liable as shareholder under the national banking law in a suit brought by the receiver, paid the judgment and brought suit in the Supreme Court of Louisiana against B for neglect of duty in failing to insert his name in the transfer. *Held*, that the case did not arise under the National Banking Act, and that therefore no Federal question was involved.

THE case is stated in the opinion of the court.

*Mr. Enoch Totten* for plaintiff in error. *Mr. Henry C. Miller* filed a brief for same.

*Mr. W. Hallett Phillips* for defendant in error. *Mr. James McConnell* was with him on the brief.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

At the hearing of this cause a motion was made to dismiss the writ of error for want of jurisdiction, on the ground that no Federal question was involved in the decision below. This motion will be first considered. The facts as disclosed by the record are as follows:

On the 24th of February, 1873, Le Sassier & Binder sold to Samuel H. Kennedy at New Orleans, through his broker, E. C. Feinour, forty shares of the capital stock of the Crescent City National Bank, and in accordance with the prevailing custom at that place upon such sales, signed a transfer of the shares, sold upon the transfer book of the bank, leaving the name of the transferee blank. On the 15th of March Kennedy sold the same stock to Thomas A. Adams, a responsible person, but at the request of the purchaser the transfer on the books of the bank was made to Morris Dyer, who was irresponsible, by writing his name in the blank left for the name of the transferee in the assignment which had been signed by Le Sassier & Binder. The bank was known to be embarrassed March 14, and on the 17th of that month it closed its doors, and soon afterwards a receiver was appointed, under the national banking act, by the Comptroller of the Currency. On the 1st of August, 1874, the receiver, by direction of the Comptroller, brought a suit against the shareholders, to enforce their individual liability for the debts of the bank, under § 5151 of the Revised Statutes. To this suit Kennedy was made a party as the holder of the shares which had been sold to him as above. He appeared and filed an answer, setting up his sale to Adams as a defence. Upon the hearing a final decree was rendered

June 2, 1876, dismissing the bill as to him.   A suit was then brought by the receiver against Le Sassier & Binder, alleging that they were the owners of the stock at the time of the failure of the bank.   They notified Kennedy that this suit had been begun, and that if their defence failed they should fall back on him, and hold him for whatever amount they might be compelled to pay " on stock which, from February 24, 1873, they had ceased to own, and had transferred to him."   In the answer of Le Sassier & Binder they set up the sale to Kennedy as a defence to the action.   At the final hearing a judgment was rendered against them on the pleadings and proofs, May 16, 1879, for $2800, and interest at five per cent per annum from July 23, 1874.   This judgment they paid, and then brought the present suit against Kennedy to recover from him the amount of their payment.

In the petition it was alleged that, upon the sale of the stock to Kennedy and the signing of the transfer on the books of the bank, it became his duty to insert his name in the blank left for that purpose, and that they had been compelled to pay the judgment in favor of the receiver " owing to the conduct of the said Kennedy in not causing his name to be inserted in the transfer book aforesaid as transferee of said stock, and preserving in said transfer book of said bank, contrary to his obligation and duty, the said transfer in blank, with your petitioners' name signed thereto, from the time of said sale to him until said  . . .  bank failed, and owing to the other acts of the said  . . .  Kennedy in the premises by which he subjected your petitioners to a liability which was his own, and which he should have met ; that his said conduct and acts were violative of his obligations in the premises and your petitioners' rights ; were unlawful, illegal, and have caused to your petitioners loss and damage to the extent of  . . . said amount paid by them."

From this statement of the case it is apparent that the suit was not brought against Kennedy to enforce any liability of his under the national banking act.   That liability was disposed of in the suit of the receiver against him for its enforcement.   Neither do Le Sassier & Binder claim under the

receiver, nor are they seeking to enforce the liability of Kennedy as a shareholder. Their claim, and their only claim, against him is for his failure to insert his own name, or that of some other responsible person, in the blank which had been left by them in the transfer they signed on the books of the bank for the stock he had bought. His obligation to them, if any there is, grows out of his contract with them as a purchaser, and not out of the banking law. That presents no Federal question. There is nothing in that law which makes it his duty to save his assignors from harm by reason of their former ownership, or which required him to register his ownership for their protection.

Neither is it at all important that, in its opinion, the Supreme Court of the State expressed a doubt as to the correctness of the judgment against Le Sassier & Binder. That judgment, as it stood, was conclusive on that point, and if Kennedy had been liable to them at all, it would have been for the amount adjudged, because he had been called upon to defend if he desired to do so. He was discharged, not because the judgment was wrong, but because he had not, in the opinion of the court, been guilty of any neglect of duty towards those against whom it was rendered, which would make him liable to them therefor.

*The motion to dismiss is granted.*