Jones et al. *v.* Wohlgemuth, Appellant, et al.

Argued December 7, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James A. Montgomery, Jr.,* with him *Layton M. Schoch,* for appellant.

*Herbert Welty* and *Victor Frey,* for appellees, were not heard.

PER CURIAM, January 2, 1934:

Maggie Jones and Charles Jones sued on behalf of their minor son Marvin and in their own right to recover damages for personal injuries sustained by the child while on defendants' premises. The statement of claim, however, asks no damages for the parents in their own right. On the basis of an instrument executed by the parents purporting to release all claims arising from injury to the boy and agreeing to indemnify one of the defendants for any recovery obtained after the minor comes of age, defendant Samuel Wohlgemuth issued a writ of scire facias under the Act of 1929, P. L. 479, to bring the parents upon the record as additional defendants, on the theory that the indemnity agreement creates a liability over to him upon the cause of action sued upon. Plaintiffs took a rule to show cause why the writ should not be stricken off, which, after argument and reargument in the court below, was made absolute. This appeal followed.

It is not altogether clear that the order from which this appeal is taken is a final order, not interlocutory in character, which we may properly review at this time. Neither appellant nor appellees have raised the question and no discussion of the matter appears in the briefs. In the circumstances we will treat the case as though before us in due season, although such action is not to be interpreted as decisive of that issue.

There was no error in making absolute the rule to strike off the writ. The Act of 1929, supra, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit. By the wording of the act, defendant may bring in as an additional defendant "any person alleged to be liable over to him *for the cause of action declared upon."* (Italics ours.) In the present case, the liability, if any, of the parents to appellant arises, not on account of the injuries received by the minor plaintiff (which are alleged to have resulted from defendants' negligence) but by virtue of the indemnity agreement, executed after the occurrence of the events complained of in the statement of claim. One action is in trespass and the other in assumpsit. The causes of action are separate and distinct and no sufficient reason exists for joining them in one proceeding,—indeed such result was never contemplated by the Act of 1929, supra.

Moreover, the parties sought to be joined as additional defendants are already on the record as plaintiffs. It is of no consequence that the parents make no claim for damages in their own right. They have brought suit in their own right and are parties on the record. In Shapiro v. Philadelphia, 306 Pa. 216, we held that a party who is already a defendant on the record may not be brought in as an additional defendant, and said that the purpose of the Act of 1929 was "to bring upon the record as 'additional defendants' those not already there." The same principle is applicable in this instance.

The order is affirmed at appellant's cost.