## AUFDERHEIDE v. MINE SAFETY APPLIANCE CO.

### No. 7982.

District Court, W. D. Pennsylvania.
Nov. 28, 1934.

Carl D. Smith, of Pittsburgh, Pa., for plaintiff.

Howard Zacharias, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action by a receiver of a national bank to recover preferential payments alleged to have been made through the payment by the bank of certain pay roll checks issued by the defendant during what is known as the "Bank Holiday" under Proclamation of the President under date of March 6, 1933 (No. 2039, 12 USCA § 95 note).

The plaintiff has moved for judgment for want of a sufficient affidavit of defense. On this motion, all the well-pleaded facts in the affidavit are to be taken as true.

The admitted facts, as disclosed by the pleadings, are summarized as follows: On March 6, 1933, all banks in the United States were suspended from operation by Proclamation of the President, except as authorized under regulations of the Secretary of the Treasury. The Secretary of the Treasury promulgated regulations which permitted a bank to exercise its usual banking functions to such an extent as its situation would warrant, and as would be absolutely necessary to meet the needs of its community, among other things, for the payment of usual salaries and wages. Pursuant to these regulations, the bank honored two checks of the defendant for the payment of its usual salaries and wages, namely, a check for $3,505.05 on March 9, 1933, and a check for $9,012.03 on March 16, 1933. These two checks were paid by the bank on certificate from the defendant that they were for pay roll purposes of an absolutely necessary nature. The bank never reopened after the President's Proclamation, and on March 23, 1933, a conservator was appointed by the Comptroller of the Currency, who was superseded by the plaintiff as receiver on December 5, 1933.

The receiver has declared a 50 per cent. dividend to its depositors; and this suit is to recover 50 per cent. of the amount of these two checks.

The plaintiff bases his right of recovery on the alleged insolvency of the bank at the time these two checks were paid, and contends that the date of such insolvency is fixed as of March 6, 1933, the date of the closing of the bank by Presidential Proclamation. The defendant denies that the Presidential Proclamation has any such effect.

The Supreme Court of the District of Columbia, in the case Daly Brothers v. Thomas Hickman, Conservator of the Franklin National Bank, 55568 In Equity, held, in a case involving the payment by the bank of items not coming within the regulations of the Secretary of the Treasury, that the bank must be deemed to have been insolvent when it was closed on March 6, 1933. This case, as we view it, affords no help in the present situation. The payments in question were directly permitted by the Treasury Department regulations. However, even then the payments could not have been made without creating a preference, if the bank was either insolvent or in contemplation of insolvency at the time the payments were made. Under the National Banking Act (section 91, title 12 USCA), if the bank be either insolvent or in contemplation thereof, it is not permitted to transfer any of its assets.

The courts have held that a bank is in contemplation of insolvency when the facts become reasonably apparent to its officers, and the intent to give a preference is presumed when a payment is made to a creditor by a bank whose officers know of its insolvency and that it cannot pay all of its cred-

920

itors in full. Federal Intermediate Credit Bank of Omaha v. L'Herisson (C. C. A.) 33 F.(2d) 841.

As we view the Presidential Proclamation, it was not a declaration of insolvency of all the banks of the United States which suspended banking operations except in permitted instances, and it cannot so be held determinative of the insolvency of this bank. The defendant in the instant case denies that the payments in question were made after the determination of insolvency or in contemplation thereof. Therefore comes the question of proof as to whether or not these particular payments were made when the bank was insolvent or in contemplation thereof. It would seem to us that in a permitted payment of this character, the appointment of the conservator of the bank would be more clearly indicative of the facts of insolvency than the Presidential Proclamation. At any rate, it would appear that this is not a case where we could give summary judgment, because if these payments were made in contemplation of insolvency independently of the actual date of the closing of the bank by the appointment of a conservator or by Presidential Proclamation, that is a fact which must be proved, as there has been a denial of any such contemplation on the part of the bank officials when these two checks were paid.

We, therefore, must deny the judgment for want of a sufficient affidavit of defense, and shall let the case go to trial on the issue of whether or not the two payments in question were made when the bank was either insolvent or in contemplation of insolvency. An order will be entered accordingly.