## WILLING v. PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES et al.

### No. 18828.

District Court, E. D. Pennsylvania.
Sept. 10, 1937.

234

See, also, 16 F.Supp. 953.

Samuel E. Kratzok, of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendant Pennsylvania Co., for Insurances on Lives and Granting Annuities.

Paul C. Wagner, of Philadelphia, Pa., for defendants Edward Walter Clark and others.

Alexander Conn, Joseph M. Gazzam, Jr., and Charles Robinson Hindley, all of Philadelphia, Pa., for defendants John Jacob Belzer and others.

Sundheim, Folz & Sundheim and Sidney Chait, all of Philadelphia, Pa., for defendants Henry W. Balka and others.

KIRKPATRICK, District Judge.

This is one of four suits at law which were brought by the receiver of the insolvent Sixth National Bank of Philadelphia, to recover assessments against stockholders. Trials were to the court; jury trials having been waived. The four cases were tried together, and are now before the court for findings and final disposition.

This particular suit (No. 18828) involves 20 shares, originally held by the Pennsylvania Company as trustee for McGrath, represented by certificate No. 927.

As to the pleadings:

The receiver brought suit against the Pennsylvania Company, alleging that it was a stockholder within 60 days next before the date of the failure of the bank to meet its obligations, specifying February 28, 1933, as that date. The Pennsylvania Company filed an affidavit of defense, denying that the bank failed to meet its obligations on the date in question, and averring that it was not a stockholder within 60 days next before the date (which it placed much later) when the failure to meet obligations actually occurred. It also brought in Clark & Co., brokers, as additional defendants, under the Pennsylvania Scire Facias Act of April 10, 1929, P.L. 479, as amended by the Act of June 22, 1931, P. L. 663, 12 P.S.Pa. § 141, on the ground that it had sold the shares in question to Clark & Co., and that Clark & Co. were, therefore, liable over to it for any amount that it might have to pay by reason of the assessment against it.

Clark & Co. filed an affidavit of defense denying that they had ever owned the shares, and averring that they had acted only as brokers or agents in transferring them to Belzer & Co., whom they also brought in, by scire facias, as second additional defendants, averring that Belzer & Co. were liable over to them for any amount which they might have to pay to the Pennsylvania Company. Neither the Pennsylvania Company nor Clark & Co., in their scire facias proceedings, suggested any direct liability on the part of the respective succeeding defendants to the plaintiff.

Belzer & Co. filed an affidavit of defense to the second scire facias (a) as to five shares, denying ownership and averring that they had purchased the stock only as agents or brokers for their principal, Greenfield; and (b) as to 15 shares, averring that they purchased the stock and sold it on February 1, 1933, to Henry W. Balka. Belzer & Co. also brought in by scire facias, Greenfield, as the real owner of the five shares in question (alleging that, although they had been registered in the name of Daniels, Daniels was the mere nominee of Greenfield, holding the title for the latter's benefit), and Balka as the real owner of the remaining 15 shares.

As to jurisdiction:

(1) Additional defendants Clark & Co. and Belzer & Co.:

I think it is clear that the court has no jurisdiction of these additional defendants, for two reasons.

First, there is no diversity of citizenship. Jurisdiction of the original suit of the receiver against the Pennsylvania Company is conferred by statute, giving the federal courts jurisdiction of suits brought by officers of the United States. However, the writs of scire facias by which it was attempted to bring Clark and Belzer into the case do not aver that they are liable to the plaintiff, either alone or jointly, and severally liable with the first defendant, but merely that each is liable over to the preceding defendant. The issue created by the pleadings on these writs is thus entirely between citizens of the same state. The cause of action from which it arises has nothing to do with the direct liability of either of the defendants to the receiver. Hence, they cannot be said to be in any sense suits brought by officers of the United States or suits brought for the winding up of the affairs of national banks. No other possible ground of jurisdiction appears.

Second, even were the Pennsylvania Scire Facias Act capable of conferring jurisdiction over these additional defendants, the writs against them in this case would not come within its terms. The Scire Facias Act provides that an additional defendant may be brought in "for the cause of action declared on." See Jones v. Wohlgemuth, 313 Pa. 388, 390, 169 A. 758. The cause of action declared on in the original suit against the Pennsylvania Company was the quasi contractual obligation imposed by the banking statutes upon the stockholders of national banks. The cause of action involved in the issue between the defendants arises from the common-law right of the transferor to indemnification from the transferee. It may be that this is also a quasi contractual obligation, but it has an entirely different source. It is not imposed by statute as an incident of ownership, but is implied from the act of purchase, and runs not to the creditors of the bank, but to the stockholder's immediate vendor. See Lessassier v. Kennedy, 123 U.S. 521, 8 S.Ct. 244, 31 L.Ed. 262.

The voluntary appearance of the additional defendants cannot, of course, confer jurisdiction, where the federal court, as such, has no jurisdiction of the subject-matter. Nor does the fact that a

236

federal question is involved in the suit between the original parties give jurisdiction under the general principle that a federal court, having acquired jurisdiction by reason of federal questions involved, has the right to decide all the questions in the case. That was decided in Hurn v. Oursler, 289 U.S. 745, 53 S.Ct. 586, 589, 77 L. Ed. 1148, where the court said: "But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character." The illuminating discussion in the opinion as to the nature of a cause of action leaves no doubt that the case against the additional defendants, Clark and Belzer, depends upon a separate and distinct nonfederal cause of action.

(2) Additional defendants Greenfield and Balka:

■ The question as to jurisdiction of the case against these two additional defendants is not quite the same. They were brought in by scire facias issued by Belzer & Co. upon an allegation that they were not only liable over to Belzer & Co. for any amount which Belzer & Co. might have to pay to Clark, but also that they were each, as real owners, liable to the receiver upon the original cause of action declared on with respect to the five and 15 shares of stock, respectively. This cause of action (the statutory obligation of stockholders to creditors) is the same as that of the original suit. Unquestionably, if these writs of scire facias had been issued by a defendant over whom the court had jurisdiction (as, for example, in this case, the Pennsylvania Company) the court would have had jurisdiction over these additional defendants. In such case, the Pennsylvania Scire Facias Act would not be in conflict with the limitations upon the jurisdiction of the federal courts.

The difficulty is that the parties who attempt to bring these last two additional defendants into the case have never really been in the federal court at all, and as to them (Belzer & Co.) there was no jurisdiction. Consequently, the case is exactly

the same as though some person in no way connected with these proceedings had issued the scire facias.

This situation was not presented to Judge Maris when he ruled upon the motion of Balka to quash the writ of scire facias against him. So far as anything appeared at the time that motion was argued, Belzer & Co. were in the case and, upon that assumption, it followed that the rule to quash was properly discharged. Now, however, the court has ruled that there never was jurisdiction as to Belzer & Co., and it follows that the court is also without jurisdiction as to Greenfield and Balka.

As to the merits:

■ The rulings already made leave the case solely against the Pennsylvania Company, the original defendant. The only question involved is whether "the failure of such association to meet its obligations" occurred on February 28, 1933, or at a much later date, when the insolvency of the bank became definitely established.

The facts are as follows, and this statement may be taken as special findings of fact: On February 28, 1933, the board of directors adopted a resolution requesting "permission to defer payment of all deposits made up to and including February 28, 1933, and to make payments in the future as assets are collected, distribution on such basis as shall be agreeable to the Comptroller of the Currency." On that day, the bank ceased to transact its normal business and went upon a restricted basis, keeping separate all deposits received after that date and refusing to pay those made prior thereto. Thereafter, no payments have ever been made to old depositors or creditors, except by way of dividends. The bank was closed on March 3, 1933, by the bank holiday. It never reopened. On March 14, 1933, a conservator was appointed who remained in charge until the appointment of a receiver, February 29, 1934, after which time, liquidation began.

It may be conceded that there was no evidence from which it could be found that on February 28, 1933, the bank was insolvent in the sense that its liabilities were then in excess of its assets. There was, however, plenty of evidence to justify a finding that it was unable to meet its obligations as they became due in the ordinary course of business, and that it realized that it could not pay its deposits on demand in accordance with its promise. See Cronkleton v. Ebmeier (C.C.A.) 39 F.(2d)

748. This, I find to be the fact. In so doing, as evidence bearing upon the question of the situation on February 28, 1933, I may consider and have considered the facts that the bank never opened after the bank holiday; that it remained in the hands of a conservator, followed by a receiver; that it never paid depositors except by way of dividends; and that upon liquidation it turned out to be hopelessly insolvent.

This fact finding is in my judgment proper under the weight of authority. See Aufderheide v. Mine Safety Appliance Co. (D.C.W.D.Pa.) 9 F.Supp. 918; Pyne v. Jackman (D.C.) 12 F.Supp. 653; Pestcoe v. Sixth National Bank of Philadelphia, 112 Pa.Super. 373, 171 A. 302; Aycock v. Bradbury (C.C.A.) 77 F.(2d) 14.

This court has also held to the same effect in Willing, Receiver v. Jensen, 17 F. Supp. 596, Maris, J.

Findings of Fact and Conclusions of Law.

I affirm all of the plaintiff's requests for findings of fact and conclusions of law, except the fifth and the sixth requests for findings of fact which are immaterial and not answered, and the sixth, seventh, and eighth requests for conclusions of law which are denied. As to the original defendant, the Pennsylvania Company, I refuse the first, fourth, and fifth requests for conclusions of law. The others are not material. As to all additional defendants, I make the following conclusion of law: This court is without jurisdiction to entertain the cause.

Judgment may be entered in favor of the plaintiff and against the original defendant in the sum of $2,293.33, with interest thereon from the date of trial at the rate of 6 per cent. per annum.