## Stoddart, etc., v. Frank & Seder of Phila., Inc.

*Blumberg & Sork,* for plaintiff.
*Zoob & Matz,* for defendant.
*Raymond A. White, Jr.,* for additional defendant.

MacNeille, November 26, 1937.—A rule was taken by the additional defendant to quash the writ of sci. fa. One ground assigned by the additional defendant is that the sci. fa. was not issued within 60 days after service of the statement of claim. But, on May 24th, defendant's petition was granted allowing an additional period of 30 days in which to issue a sci. fa., and during this time the sci. fa. was issued. We find no merit, therefore, in this contention.

The additional defendant further contends that it should not be joined in this case because its liability to

defendant, if any, is based on its contract of indemnity, whereby it issued a "depositor's and/or commercial forgery policy" to defendant.

The additional defendant issued to the original defendant a policy wherein it provided that it would indemnify defendant against any loss by reason of the forgery of the signature or of any endorsement of any checks issued by defendant.

Plaintiff brought an action in assumpsit against defendant, alleging that he supplied truck service to defendant and that there is a balance due on account thereon. Defendant filed an affidavit of defense, alleging payment and also new matter to the effect that the payments were made to David L. Wagner, the duly authorized representative of plaintiff, by means of checks payable to plaintiff. Plaintiff filed an answer to defendant's new matter, denying the authority of Wagner and alleging in substance that Wagner improperly endorsed and retained certain of the checks. Whereupon, defendant issued a sci. fa. to the New Amsterdam Casualty Company, the sci. fa. defendant, on the theory that it was liable over to defendant in the event that the checks were improperly endorsed by Wagner, on account of the forgery policy referred to above.

It is, therefore, apparent that the original defendant is proceeding against the additional defendant on an indemnity agreement, and that this cannot be done was held by the Supreme Court in the case of Murray v. Pittsburgh Athletic Co. et al., 324 Pa. 486, 497, where the court said:

"Subsequently, on November 9, 1933, the writ of scire facias was amended by adding an averment that the additional defendants were liable over to the original defendant, not only because of their employee's negligent act, but also by reason of an alleged indemnity agreement, whereby the Jacobs Brothers agreed to indemnify and hold harmless appellant 'of and from all actions and injuries arising out of [the additional defendant's] activi-

ties'. . . . But such a cause of action, based on contract, is separate and distinct from the cause of action forming the basis of plaintiff's suit, which is the injury caused plaintiff by defendant's negligence. Under the decision in *Jones et al.* v. *Wohlgemuth,* 313 Pa. 388, 169 A. 758, the additional defendants were improperly joined, and on application the scire facias could have been stricken off for this reason. In that case we said, at page 390: 'The Act of 1929, supra, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit. By the wording of the act, defendant may bring in as an additional defendant "any person alleged to be liable over to him *for the cause of action declared upon.*" [Italics supplied.] In the present case, the liability, if any, of the parents to appellant arises, not on account of the injuries received by the minor plaintiff (which are alleged to have resulted from defendants' negligence) but by virtue of the indemnity agreement. . . . One action is in trespass and the other in assumpsit. The causes of action are separate and distinct and no sufficient reason exists for joining them in one proceeding,—indeed, such result was never contemplated by the Act of 1929, supra.' "

A similar conclusion was reached in the case of Bass v. Bass et al., 19 D. & C. 230.

On behalf of the original defendant, there have not been cited any cases in which the exact question was involved and in which a different conclusion was arrived at, and we have not been able to find any. Under those circumstances, we are bound by the decisions indicated above to hold that an additional defendant could not be brought by sci. fa. into a proceeding on an indemnity agreement.

The case of Gentile et al. v. American State Bank & Trust Co. et al., 315 Pa. 123, cited by defendant, is the only case in which an indemnity contract was involved, but there the propriety of issuing a sci. fa. under those circumstances was not raised. The other cases cited by defendant have very little bearing on the question here

involved. Cases involving endorsers on checks are in a different classification, because the suit against them is based on the same instrument as against the principal defendant.

It has always been well settled law that at least in negligence cases there must be excluded from the trial the fact that defendants are insured, and there is nothing in the sci. fa. acts to indicate any change in this policy, and it is apparent that indemnity or insurance contracts must, to make the law uniform, either be excluded or admitted in all cases.

Moreover, while apparently a great deal of time of the court would be saved in trying both cases together, yet, when it is remembered that in the vast majority of cases the insurance company pays without any litigation as soon as the amount of its liability is determined in the suit between plaintiff and original defendant, it is apparent that to open the door to insurance companies being brought in as additional defendants in cases like these would clog the courts with suits involving insurance companies which have every intention to pay.

For the reasons indicated, the motion to quash the writ of sci. fa. to join the New Amsterdam Casualty Company as additional defendant is made absolute.