## Gannon et al. v. Savar et al.

*Daniel G. Murphy* and *Swartz, Campbell & Henry,* for plaintiffs.

*John B. Martin,* for defendant.

*Swartz, Campbell & Henry,* for additional defendant.

BROWN, JR., J., October 4, 1938.—This case is before the full court in banc on the affidavit of defense, raising questions of law, of additional defendant to writ of sci. fa.

Plaintiffs, Hugh F. Gannon and Hugh F. Gannon, Jr., are the owner and operator, respectively, of an automobile which collided with another car owned and driven, respectively, by Jack Savar and Albert Savar, defendants. Hugh F. Gannon is seeking to recover for property damage, and Hugh F. Gannon, Jr., for personal injuries, and they have joined as parties plaintiff under the Act of June 25, 1937, P. L. 2072, 12 PS, §159.1, et seq. Jack Savar has filed a counterclaim against Hugh F. Gannon, Jr. for property damage to his car, and both defendants issued a writ of sci. fa. joining Hugh F. Gannon, Jr., as additional defendant, alleging that he is "alone liable to the plaintiff Hugh F. Gannon for the cause of action declared on." Hugh F. Gannon, Jr., thereupon filed this affidavit of defense to the writ raising questions of law.

The affidavit of defense alleges that "the writ was improperly issued against Hugh F. Gannon, Jr., one of the original plaintiffs, who cannot be joined by writ of sci. fa. as an additional defendant," and in support of this contention additional defendant relies solely on the case of Jones et al. v. Wohlgemuth et al., 313 Pa. 388. We are unanimously of the opinion, however, that the situation presented in the instant case is not controlled thereby.

In that case parents of a minor sued on his behalf and in their own right to recover damages for personal injuries sustained by the child. The parents, however, asked no damages in their own right. One of defendants issued a writ of scire facias to join the parents as additional defendants on the ground that they were liable over to him on an indemnity agreement executed after the injuries to the minor were sustained. The court held that the writ was improper because the Act of April 10, 1929, P. L. 479, 12 P.S., §141, provided that defendant may bring in as additional defendant any person alleged to be liable over to him *"for the cause of action declared upon"*, and "the liability, if any, of the parents . . . arises, not on account of the injuries received by the minor plaintiff (which are alleged to have resulted from defendants' negligence) but by virtue of the indemnity agreement, executed after the occurrence of the events complained of in the statement of claim." The court specifically pointed out that "The causes of action are separate and distinct", one being "in trespass and the other in assumpsit." If this were all that was stated in the opinion, no further discussion would be necessary, for in the present case the causes of action arise out of one occurrence, i. e. the collision between the two automobiles, but the court then went on to say (at page 390) : "Moreover, the parties sought to be joined as additional defendants are already on the record as plaintiffs. . . . In Shapiro v. Philadelphia, 306 Pa. 216, we held that a party who is already a defendant on the record may not be brought in as an additional defendant, and said that the purpose of the Act of 1929 was 'to bring upon the record as "additional defendants" those not already there.' The same principle is applicable in this instance." Obviously, a person upon the record as *a defendant* cannot be brought thereon as *an additional defendant*, and it is to be noted that the court in the Jones case stated that the principle quoted from the Shapiro case was applicable after it had determined that

the cause of action against additional defendants was not the cause "declared upon." We infer, therefore, that the reference to the Shapiro case in the opinion in the Jones case was merely an additional reason for the decision in the latter case.

Since the decision in Jones et al. v. Wohlgemuth et al., supra, however, the Act of 1937, supra, was passed. This provides in section 1 that "all parties who have a right of action, whether jointly, severally or in the alternative, in respect of, or arising from, the same transaction or series of transactions, and whose actions would give rise to any common question of law or fact, may join, as plaintiffs, in one civil action", and pursuant thereto plaintiffs joined in this suit. Before the passage of the act they would have had to bring separate actions, and in the one instituted by the owner, defendants could have joined, as an additional defendant, the driver of his automobile. In the present case defendants have brought in the driver, as an additional defendant, alleging that he is alone liable to the owner, and to hold that they are not entitled to do so would deprive them of the rights which they have under the Act of 1929, and its amendments.

The Act of 1937, supra, contains no expression of intent to limit the applicability of the Act of 1929. The latter act has been thrice amended and its scope has been broadened. The last of these amendments was supplied by the Act of June 25, 1937, P. L. 2118, No. 428, which was approved on the same day as the one permitting the joinder of plaintiffs. Indeed, in this amendment, for the first time, the words "in the alternative" are added to "jointly or severally", and similar phraseology is used in the act permitting the joinder of plaintiffs in one action, as set forth above. The amendment also provides for the joinder of an additional defendant where "any question or issue, relating to or connected with the subject matter of the litigation, is substantially the same as a question or issue arising between the plaintiff and de-

fendant and should properly be determined, not only between the plaintiff and defendant and the additional defendant, or between any or either of them". Clearly it was the intent of the legislature to permit the joinder of all parties, whether as plaintiffs, defendants or additional defendants, in order that all issues "between any or either of them" pertaining to the same transaction or series of transactions might be adjudicated in one suit instead of in more than one as heretofore. Any other conclusion would enable persons claiming rights of action to join as plaintiffs in many common situations and so deprive defendants of the benefit of the provisions of the act of 1929, as amended. Such a result would be rendered possible by virtue of an act which was passed in the same breath, as it were, as another act whereby the scope of the act of 1929 was broadened. So paradoxical an effect from simultaneous enactments was plainly not intended. To carry out the purpose of both acts of 1937, therefore, a defendant may join with him as an additional defendant one plaintiff, who, he alleges, is alone liable to another plaintiff for the cause of action declared on by the first plaintiff.

Furthermore, there is no logical reason why, if various parties, who have rights of action arising from the same transaction, may now join together as plaintiffs in one suit, a defendant may not join any one of them with him as an additional defendant to answer the other, or others, as the case may be. Each plaintiff must prove his claim, and his right to recover may depend upon different legal principles from that of other plaintiffs. For instance, though the driver of and the passenger in an automobile may join in one suit, their respective rights to recover from the driver of another car depend upon different principles of the law of negligence. The act itself recognizes that each plaintiff has a separate right of action. In section 1, quoted above, it provides that parties "whose actions would give rise to any common question of law or fact", may join as plaintiffs in one action. Section 2

provides that "If, in any such [joint] action, it shall appear that the joinder of the plaintiffs will complicate, prejudice or delay the trial of such action, the court, on petition or on its own motion, may order separate trials, or make such other order as it deems expedient and proper." If a separate trial may be had as to one plaintiff, there is nothing anomalous in permitting a defendant to join another plaintiff with him as an additional defendant in such issue. Indeed, not to do so would "prejudice . . . the trial of such action", with respect to the defendant. Then, too, section 3 of the act provides that "In every such [joint] action, separate verdicts shall be rendered and judgments entered as to each plaintiff." It is apparent, therefore, that the act is a procedural device to facilitate the trial of cases by having rights of action involving similar issues tried at the same time, and does not affect the basic nature of the causes of action involved.

Thus, in the present case, each plaintiff has a right of action against defendants arising from the collision of the two automobiles, and it is in the action by the owner that defendants seek to join the driver as an additional defendant. That right is given them by the act of 1929, as amended, and this should not be barred to them merely because the driver has joined with the owner as a plaintiff. Separate causes of action and separate issues are involved, and in order that they be properly determined defendants are entitled to have joined with them the driver as an additional defendant in the cause of action of and the trial of the issue as to the owner.

The affidavit of defense raising questions of law is, therefore, dismissed. Leave is given additional defendant to file affidavit of defense of fact within 15 days, if he so desires.