## Commonwealth v. Dobnoff et al.

*Francis J. Gildner,* for plaintiff.

*Morris Perkin,* for defendant.

*Linn H. Schantz,* for additional defendant.

IOBST, P. J., March 11, 1940.—This action in assumpsit was originally instituted by Charles D. Peters, Treas-

urer of Lehigh County and agent for the Commonwealth of Pennsylvania, to recover mercantile taxes for the year 1938, alleged to be due and owing by Abraham Dobnoff, defendant.

Defendant, Dobnoff, filed an answer alleging payment of the mercantile tax for that year to one Ario P. Reinert, and pleading under "new matter": (1) That Ario P. Reinert was authorized by plaintiff, Peters, to accept payment of the tax; and (2) that Peters, by his acts and conduct, cloaked Reinert with apparent authority to accept payment of the tax, and that defendant and his employe in reliance thereon, and in good faith, paid the tax to Reinert.

After the answer was filed and pursuant to request of counsel for plaintiff, counsel for both parties entered into a written agreement, filed of record, to the effect that the name of the party plaintiff should be the Commonwealth of Pennsylvania instead of Charles D. Peters, Treasurer of Lehigh County and agent for the Commonwealth of Pennsylvania, and to amend paragraphs 10, 11, and 12 of defendant's affidavit of defense under "new matter", to conform with the amendment naming the Commonwealth as plaintiff in the action. Thereafter, plaintiff filed a reply to the new matter set forth in the affidavit of defense. This was signed and sworn to by Charles D. Peters as Treasurer of Lehigh County and agent for the Commonwealth. Defendant, Dobnoff, then brought Peters upon the record as additional defendant by writ of scire facias, averring that Peters is the Treasurer of Lehigh County, and agent for the Commonwealth, and as such was alone liable, or liable over to defendant, for the cause of action declared on. No objection to this latter proceeding was raised by the Commonwealth or by Peters, either prior to the trial or at the trial, and in this manner the case proceeded, resulting in a verdict in favor of both defendants and against the Commonwealth.

The Commonwealth has now moved for a new trial assigning the general reasons that the verdict was against

the law, the evidence, the weight of the evidence, and against the charge of the court, and assigning as error the affirmance by the trial judge of defendant Dobnoff's third point for charge, and the submission to the jury of the verdict slip, which was prepared by counsel for all the parties to the suit, and which read as follows: "The jury may return either one of three verdicts: 1. We find a verdict in favor of both defendants and against plaintiff. 2. We find in favor of plaintiff and against Abraham Dobnoff, trading as Dobnoff's, in the sum of $470.01, and $23.50, as a penalty, or a total of $493.51. 3. We find in favor of plaintiff and against Charles D. Peters, the additional defendant in the sum of $470.01."

As stated this slip was prepared by counsel and the jury chose to render its verdict in favor of both defendants. Counsel for plaintiff took no exception to the court's charge and when counsel were asked if they desired further instructions counsel indicated that they did not. The issues between the Commonwealth as plaintiff and defendant, Dobnoff, were fairly tried and properly submitted to the jury. The adding of Peters as an additional defendant can have no effect whatsoever upon the verdict in favor of Dobnoff and against the Commonwealth upon the issues raised by the statement of claim, affidavit of defense, and reply.

The record clearly shows that Dobnoff paid the tax in full to Ario P. Reinert. It discloses numerous instances of collections of current mercantile taxes by Reinert, of his services in back of the counter in the county treasurer's office, and in assisting Peters with some of the other duties pertaining to the office, all of which could readily persuade the jury that Reinert was acting as the agent for Peters, as county treasurer, in the collection of current taxes; or that Reinert's conduct in the collection of these taxes must have been brought to the knowledge of Peters, and that Dobnoff and his employe had reason to believe that Peters held out Reinert as his agent. All these matters were for the jury's determination, and were

submitted to the jury in a charge of the court which we believe to have been fair and adequate, both as to law and facts, and to which charge and submission of points no exceptions were taken by the Commonwealth.

We, therefore, conclude that the jury's verdict in the issue between the Commonwealth and defendant, Abraham Dobnoff, should not be disturbed.

However, we cannot let the verdict stand in favor of the additional defendant, Charles D. Peters, who as County Treasurer of Lehigh County was charged under the law with the collection of all mercantile taxes. The law clearly defines the duty of the county treasurer in relation to mercantile taxes. Section 4 of the Act of April 25, 1929, P. L. 687, 72 PS §2914, amending section 6 of the Act of May 7, 1907, P. L. 175, as amended, imposes the duty on the county treasurer to sue for the recovery of the tax if not paid on a certain fixed date. He represents the Commonwealth and acts for the Commonwealth. He must report to the Department of Revenue and forward to that department of the Commonwealth the amount of said license tax received by him, including all penalties: Act of 1929, supra. For all these purposes the law makes the county treasurer not only the agent but the actor for the Commonwealth in relation to the collection of these taxes. In the suit at issue, Charles D. Peters, the county treasurer, instituted the suit in his name as agent for the Commonwealth. He swore to the statement of claim. He signed and swore to plaintiff's reply to new matter plead by defendant, Dobnoff. It became his duty under the law to do so. The law says he shall sue. This makes him the acting plaintiff, acting for the Commonwealth, and no agreement of counsel can change his position as a litigant in any suit involving collection of these taxes. Therefore, he cannot be made a defendant by a writ of scire facias in any proceedings so instituted by him as county treasurer. To permit such a procedure would be incongruous. He would appear in the same suit as plain-

tiff and defendant, an irregular and inconsistent procedure in an action at law.

The Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, was not intended to complicate legal proceedings. The manifest purpose of the acts is to enable defendants who have been sued to bring upon the record as "additional defendants" those not already there, who are alleged to be liable to those who are; the procedure in establishing this liability is not specified in the statute, but is wisely left to be worked out by the judiciary. In doing this, however, we cannot so extend the language of the act as to make one an "additional defendant" who is not and cannot be "additional" to the defendants already there: Shapiro v. Philadelphia et al., 306 Pa. 216, 219; Jones et al. v. Wohlgemuth et al., 313 Pa. 388, 390.

In the instant case, the proceeding which resulted in a verdict in favor of the additional defendant, Charles D. Peters, though irregular as it now stands, would be a bar to further action which the Commonwealth of Pennsylvania might contemplate or undertake against the county treasurer for the recovery of these taxes. We think the proper disposition of this feature of the case requires that the writ of scire facias bringing upon the record Charles D. Peters, the county treasurer, as additional defendant, be stricken from the record, the name of Charles D. Peters removed as a defendant in the suit, and the verdict of the jury in favor of Charles D. Peters and against the Commonwealth of Pennsylvania set aside as void and inconsistent.

## Decree of Court

Now March 11, 1940, plaintiff's rule to show cause why a new trial should not be granted is refused. The verdict in favor of defendant, Abraham Dobnoff, and against plaintiff is sustained. The verdict in favor of the additional defendant, Charles D. Peters, and against the Commonwealth is stricken off the record as null and void and inconsistent.