## Waite v. The Houtzdale Trust Co.

*Nevling & Davis*, for plaintiff.
*J. Howard Smith*, and *Bell & Silberblatt*, for defendant.

SMITH, P. J., March 21, 1941.—In this action plaintiff claims in trespass for the conversion of bonds alleged to have been pledged with defendant bank as security for a note, the statement alleging that, after payment of the note and demand being made for the bonds, defendant failed or refused to deliver them to plaintiff. After filing an affidavit of defense, defendant also filed a petition for leave to join the Maryland Casualty Company as additional defendant, averring that if the bonds were in the possession of and converted by defendant bank, as plaintiff alleges, such conversion actually was done by two employes, cashier and teller, of defendant and that for such acts of conversion the Maryland Casualty Company is liable over to defendant bank under what it termed a bankers' blanket bond. Plaintiff's answer denies the right and the expediency of so joining the Maryland Casualty Company. In addition, the Maryland Casualty Company filed a motion to dismiss the petition to join it in the action. We, therefore, have the question whether the joining of the additional defendant should be allowed.

The pertinent sections of the new procedural rules applicable are found in Pa. R. C. P. 2252, particularly subsections (a) and (e), which read as follows:

"(a) After the defendant in an action has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him."

"(e) The court shall grant such petition whenever the petition alleges facts which would establish the liability of the additional defendant and the court deems the joinder of the additional defendant will not unreasonably prejudice the additional defendant or any other party of record."

It will be noted that, under the above-quoted rules, the joinder of additional parties is not a matter of right, but rests within the discretion of the court, and the rule quite apparently contemplates that whenever the court "deems the joinder of the additional defendant will . . . unreasonably prejudice the additional defendant or any other party of record" the joinder should not be allowed.

The original action in this case is in trespass in the nature of trover, and the additional defendant's liability asserted is under a contract of indemnity. It would seem that under the following cases the allowance of a joinder under such circumstances would not be proper: Jones et al. v. Wohlgemuth, 313 Pa. 388; Murray v. Pittsburgh Athletic Company et al., 324 Pa. 486; Dively v. Penn-Pittsburgh Corp. et al., 332 Pa. 65. In the argument of this case attention was called to the discussion in Goodrich-Amram Civil Practice, 2252(a)-8, " 'Liable Over.' Insurers and Indemnitors." While this discussion raises some question about the reasoning in these opinions, it is there recognized that, under the decisions under the prior practice, where the original claim is in tort, a liability

over in assumpsit cannot be joined and does not constitute the same "cause of action", and that this result would obtain under the new rules in view of the adoption of the language of the former Sci. Fa. Acts. We do not think this result is changed by the fact that the tort here involved is of the class where a remedy in assumpsit as well might have been claimed. Neither do we think there is any validity in defendant's argument that, because the State banking law requires a bank to have its officers bonded, the liability upon the bond must therefore be considered as of a nature compelled by law, rather than purely one of contract; the compulsion was on the bank but not upon the surety company.

In any event, however, it would seem that this application must be refused because to permit the joinder would unreasonably prejudice plaintiff. Plaintiff's complaint that the joinder will transform a simple issue between himself and defendant bank into a complicated proceeding involving questions entirely foreign to his issue is well founded. Furthermore, as is alleged, the additional defendant, being a foreign corporation, has the right of removal to a Federal court: Gorgone v. Maryland Casualty Company, 32 Fed. Supp. 150; and if the right of removal is asserted, it would add to plaintiff's practical difficulties in carrying on his action. It has been said that the introduction of questions of removal is a fact sufficient to justify refusal of the joinder; Goodrich-Amram Civil Practice, 2252(b)-4.

The facts involved in the issue between plaintiff and the original defendant, whether there was a withholding or conversion of plaintiff's bonds, are comparatively simple. We cannot see that the ends of justice would be served by combining them in this lawsuit with defendant's effort to assert liability under a bond covering its employes. Whether the conversion, if it occurred, was done by the bonded employes, and in such a manner as to be within the terms of the bond, is a question of much larger scope than the question whether the bonds were

wrongfully withheld at the termination of the bailment. To join these in one proceeding would be to run the risk of confusion to accomplish no apparent simplification of procedure.

For these reasons the rule will be discharged and the petition to join the additional defendant will be dismissed.

### Order

Now March 21, 1941, for the reasons set forth in opinion herewith, the petition to join the Maryland Casualty Company as an additional defendant is denied, and the rule to show cause issued thereon is discharged.