## Pennsylvania Railroad Company v. Myers

*John McI. Smith*, for plaintiff.

*H. O. McNair*, for defendant.

*Rhoads & Sinon*, for additional defendant.

RUPP, P. J., January 7, 1949.—This matter comes before us on preliminary objections of the Continental Insurance Company of the City of New York to the complaint of defendant, Clarence E. Myers, joining the said company as an additional defendant in the above-entitled proceeding.

Plaintiff, the Pennsylvania Railroad Company, instituted an action in assumpsit to recover the sum of $1,024.65 from defendant, Clarence E. Myers, together with interest thereon from May 3, 1944.

In its complaint, plaintiff pleads that on November 1, 1935, it entered into a written contract with defendant, a "trucker", wherein the latter undertook to transport less-than-carload freight from plaintiff's premises to places of business of plaintiff's patrons at or in the vicinity of the Borough of Middletown, Pa.; that in the contract defendant agreed to be responsible for and to protect, save harmless and indemnify plaintiff from and against all loss, damage, costs and expense that may be suffered or incurred by plaintiff on account of loss or destruction of, or damage or delay to, property and freight caused by or resulting in any manner from any acts or omissions, negligent or otherwise, of defendant or his agents, servants or employes, in performing or failing to perform any of the services or duties on the part of defendant to be performed as provided in said contract; that on August 24, 1943, pursuant to the contract, defendant, acting by and through his agent, servant or employe, John Toth, was moving 14 boxes of airplane parts from plaintiff's premises in Middletown to the Air Service Command in Middletown, the consignee, and while thus engaged he "damaged seven (7) boxes of said shipment by reason of the truckload coming into contact with the underpass of the Reading Company tracks in Middletown, Pa."; that as a result of said damage the United States Government, on May 3, 1944, charged to plaintiff the sum of $1,024.65; and that although plaintiff has made numerous attempts to collect the said sum from defendant the latter has refused to pay any part thereof.

Defendant filed an answer admitting all the averments of plaintiff's complaint and, under the heading of "New Matter", averred that on March 9, 1943, he and the Continental Insurance Company of the City of New York entered into a contract of cargo insurance containing a Pennsylvania Public Utility Commission rider covering defendant's common carrier liability to

shippers and consignees; and that on August 24, 1943, the date of the accident, said contract was in full force and effect.

Defendant also caused a writ to issue, and filed a complaint in assumpsit, joining the Continental Insurance Company of the City of New York as an additional defendant. In his complaint defendant pleaded the contract of cargo insurance with the insurance company and averred that by virtue thereof the insurance company is alone liable to plaintiff, or jointly or severally liable with defendant to plaintiff, or liable over to defendant *"for the cause of action declared on" in plaintiff's suit* for the whole or any part of the amount which may be recovered therein against him.

Additional defendant filed preliminary objections to defendant's complaint, one of which is in the nature of a demurrer and avers that defendant is not entitled as a matter of law to join the insurance company as an additional defendant upon the allegations contained in defendant's complaint, because:

"The cause of action declared upon by plaintiff in its complaint against defendant, Clarence E. Myers, is founded upon a contract entered into between said plaintiff and defendant, whereas defendant in his complaint sues upon a separate contract of indemnity entered into between defendant and additional defendant, and therefore additional defendant, if liable at all, is not alone liable or liable over to defendant 'on the cause of action declared upon' as is required by law for the joinder of additional defendants."

Pa. R. C. P. 2252 (*a*), which provides for the joinder of additional defendants, reads as follows:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

The language of the rule is almost identical with that contained in the Scire Facias Act of April 10, 1929, P. L. 479, as amended, 12 PS §141. Therefore, decisions under that act are applicable.

In Jones et al. v. Wohlgemuth et al., 313 Pa. 388 (1934), the parents of a minor child, on behalf of the minor and in their own right, sued to recover damages for personal injuries to the child sustained while on defendants' premises. One of the defendants sought to bring the parents upon the record as additional defendants on the basis of an instrument executed by the parents purporting to release all claims arising from injury to the minor and agreeing to indemnify defendant for any recovery obtained after the minor became of age. Defendant proceeded on the theory that the indemnity agreement created a liability over to him upon the cause of action sued upon. The court said (p. 390) :

"The Act of 1929, supra, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit. By the wording of the act, defendant may bring in as an additional defendant 'any person alleged to be liable over to him *for the cause of action declared upon*'. (Italics supplied.) In the present case, the liability, if any, of the parents to appellant arises, not on account of the injuries received by the minor plaintiff (which are alleged to have resulted from defendants' negligence) but by virtue of the indemnity agreement, executed after the occurrence of the events complained of in the statement of claim. One action is in trespass and the other in assumpsit. The causes of action are separate and distinct and no sufficient reason exists for joining them in one proceeding,—indeed such result was never contemplated by the Act of 1929, supra."

Again, in Murray v. Pittsburgh Athletic Co. et al., 324 Pa. 486 (1936), defendant sought to bring upon

the record as additional defendants persons alleged to be liable over to it by reason of a contract of indemnity against the liability averred by plaintiff. The court quoted the above portion of its decision in Jones v. Wohlgemuth, *supra*, and added (p. 497):

"If defendant has a cause of action against the Jacob Brothers on the indemnity agreement, it sounds in contract, not in tort, and hence the two-year statute does not bar it. But such a cause of action, based on contract, is separate and distinct from the cause of action forming the basis of plaintiff's suit, which is the injury caused plantiff by defendant's negligence. . . ."

Volta v. Markovitz Brothers, Inc., et al., 351 Pa. 243 (1945), was decided after the effective date of Pa. R. C. P. 2252(*a*). In that case the claim was that while plaintiff was lawfully on an elevator over which defendants had control, he was injured by the elevator's falling. Defendant caused a writ to issue joining, as additional defendant, the Otis Elevator Company, on the theory that the company was liable over to original defendant by reason of its breach of a service contract existing between defendant and additional defendant.

In sustaining the action of the court below, which entered judgment for additional defendant, the Supreme Court said that the new Rules of Civil Procedure do not change the law as declared in the above cases. The court added (p. 245):

"Any liability of the indemnitor in this case would have to be based upon its *contract* with the defendant and not upon the *cause of action* declared by the plaintiff. . . ." (Italics by the Supreme Court.)

From all the foregoing it is amply clear that, in order to be joined as an additional defendant, the Continental Insurance Company of the City of New York would have to be alone liable, or liable over to defendant, *on the cause of action declared upon by plaintiff*.

The cause of action declared upon by plaintiff is based on its contract with defendant. On the other hand the cause of action declared upon by defendant is based on a separate and distinct contract between defendant and the insurance company. The causes of action being separate and distinct, and there being no privity between plaintiff and additional defendant, additional defendant could not be liable on the cause of action declared upon by plaintiff.

Or to state it differently, any liability of the Continental Insurance Company of the City of New York would have to be based upon its contract with defendant and not upon plaintiff's contract with defendant, which is the basis of the cause of action declared upon by plaintiff.

Original defendant contends that the Supreme Court decisions relied upon by us are not applicable here, since in each of the cases cited one cause of action sounded in tort and the other in assumpsit, whereas here both causes of action are in assumpsit.

This circumstance present in the instant case in nowise distinguishes it from the decisions cited, insofar as the principle involved is concerned. We repeat, the principle enunciated by the Supreme Court is based on the conclusion that a defendant may not bring in as an additional defendant a person who is not liable upon the cause of action declared upon. We fail to see how the character of the actions involved is material. Moreover, there is nothing in any of the foregoing decisions to support a conclusion that the principle applies where one cause of action is in tort and the other in assumpsit, but is inapplicable where, as here, both causes of action are in assumpsit.

The joinder of the Continental Insurance Company of the City of New York being improper for the reason set forth above, we shall enter judgment in its favor without considering the remaining preliminary objections.

And now, January 7, 1949, the preliminary objection to original defendant's complaint in the nature of a demurrer is hereby sustained, and judgment is hereby directed to be entered in favor of the Continental Insurance Company of the City of New York, additional defendant.