MINNIE COHEN, PLAINTIFF, v. THE TOWN OF MORRIS-
TOWN, A MUNICIPAL CORPORATION OF THE STATE
OF NEW JERSEY, AND THE BOARD OF EDUCATION
OF THE TOWN OF MORRISTOWN, IN THE COUNTY OF
MORRIS AND STATE OF NEW JERSEY, A BODY COR-
PORATE; INDIVIDUALLY, JOINTLY AND IN THE AL-
TERNATIVE, DEFENDANTS.

Decided March 22, 1937.

For the defendant town of Morristown, *Nathaniel C. Toms.*

For the defendant board of education, *King & Vogt (Rob-
ert H. Schenck).*

For the plaintiff, *Morris Cohen.*

LAWRENCE, S. C. C. Defendants, separately, move to
strike the complaint filed in this suit on the ground that it
does not state a cause of action against either of them, involv-
ing as it does a municipality and a public corporate body.

The factual narrative in the complaint appears to be that
on August 28th, 1934, the town of Morristown was the owner
of certain property adjoining Mills street, known as Lacey

Field and used as a part of the town's park system, which field is adjacent to Memorial Field, the property of the defendant board of education; that the only method of ingress and egress to and from Lacey Field from Mills street at the time was by means of a certain culvert, bridge or walk; that in order to enter Memorial Field from Mills street it was necessary to first enter Lacey Field by walking over the culvert, bridge or walk; that the latter was constructed by the park department of the town, or its agents, servants and employes, in order to cover an open drain or stream running from the easterly side of Mills street bridge to the playground known as Lacey Field; that in constructing the culvert, bridge or walk, it was the duty of the town to provide adequate guard rails or barriers at the end of the culvert, bridge or walk in order to protect persons lawfully using the premises, and to provide adequate and sufficient lighting facilities for such use after dark, especially at such times as public affairs or events were being conducted by the town for the amusement, entertainment or benefit of its citizens and residents.

In constructing the culvert or bridge, it is alleged, the town failed to erect or provide adequate guard rails or barriers at the end thereof or proper lighting facilities, thereby perpetrating an act of wrong-doing on its part detrimental to plaintiff, with the result that on the evening of the day stated, while walking from Mills street over the culvert or bridge in question in order to get to Lacey Field and to cross to Memorial Field, where a public spectacle and concert was being held by the town, or under its direction by its servants or employes, she fell from the edge of the culvert or bridge into the stream running thereunder and was injured. It is further alleged that the culvert or bridge was and had been since its construction openly, notoriously and commonly used by the townspeople as an entrance to Lacey and Memorial Fields from Mills street, and was intended when constructed to be so used. The foregoing is in substance taken from the first count in the complaint.

A second count charges that it was not the duty of the town to erect the culvert or bridge as a part of its strict gov-

ernmental function, but in doing so, it performed a private function from which it gained a special benefit or advantage; nevertheless, in exercising this private function, it was its duty to observe due diligence and care in the construction of the culvert or bridge and failed to do so in not providing adequate guard rails or barriers or proper lighting facilities, with the result that plaintiff in lawfully using it in the nighttime fell into the stream running thereunder and was injured.

A third count alleges that the two public fields were under the joint control as to use of the defendants and that the manner in which the culvert or bridge had been constructed without the protection of guard rails or barriers or adequate lighting facilities constituted a public nuisance, for the continuance of which, resulting in the injury to plaintiff, both became legally responsible.

Defendants in moving to strike invoke the well known rule that, in the absence of statute, a municipal corporation or a public body such as a board of education of a school district, to which has been delegated by law the performance of governmental or public duties, cannot be held liable at the suit of an individual for negligence in the performance of such duties, the negligence so involved being a public wrong for which an indictment lies. This rule is undoubtedly applicable to the third count in the complaint, since it charges no active wrong-doing on the part of the defendants, the exception to the general rule as to non-liability, but rests on the alleged maintaining of a public nuisance. This count should be stricken. Pertinent authorities will be found cited in *Allas* v. *Borough of Rumson,* 115 *N. J. L.* 593; 181 *Atl. Rep.* 175; *Hammond* v. *Monmouth County,* 117 *N. J. L.* 11; 186 *Atl. Rep.* 452, and in *Liming* v. *Holman,* 10 *N. J. Mis. R.* 582; 160 *Atl. Rep.* 32.

As to the second count, it is not clear what is really intended to be charged, but the effort is apparently to bring it within the rule indicated in *Olesiewicz* v. *City of Camden,* 100 *N. J. L.* 336; 126 *Atl. Rep.* 317, where the municipality, in pursuance of private contract, was using some of its road machinery in doing work for another not of a public nature.

Not only are insufficient facts stated in this count, but the construction of the culvert or bridge by the defendant town, without proper guards, barriers or lights, has no analogy to the factual circumstances found to be present in the cited case. This count states no legal cause of action and should, therefore, be struck out.

The first count, however, does state a cause of action against the town of Morristown within the rule followed in *Allas* v. *Borough of Rumson, supra,* and *Hammond* v. *Monmouth County, supra,* unless the facts alleged come within the provisions of chapter 460 of the session laws of 1933 (page 1550) (*N. J. Stat. Annual* 1934, § *136-1829B), which declares that no county, municipality or school district shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding. This act was held not applicable to road culverts in *Hammond* v. *Monmouth County, supra,* for the reason that the title limited it to public grounds or buildings. Incidentally, it may be said in passing that the statement attached to the bill as introduced in the legislature was that "the design of the above act is to clarify the existing law as to the non-liability of counties, municipalities and school districts when public grounds or building (*sic*) are used and individuals are injured in such use."

Whether the culvert or bridge in question was constructed on the public ground called Lacey Field or connecting with Mills street and as a part of it, or within its limits as a public thoroughfare, will be the subject of proof at the trial of the suit. It is sufficient to say at the moment in disposing of the present motion that *pro forma* count one of the complaint does state a cause of action as to the defendant town of Morristown and should not be stricken. The motion will accordingly be denied as to this count and granted as to numbers two and three.