EDITH L. SELPH AND WILLIAM E. SELPH, PLAINTIFFS,
v. THE TOWN OF MORRISTOWN, A MUNICIPAL CORPO-
RATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided January 3, 1938.

For the motion, *C. Franklin Wilson.*

Opposed, *King & Vogt (Harold A. Price).*

LAWRENCE, S. C. C.   Defendant moves to strike the com-
plaint filed in this suit on the ground that it is sham.   On
the argument, however, it developed that the real question is
whether defendant, a municipal corporation, can in any cir-
cumstance, in view of the enactment of chapter 460 of the
laws of 1933 (*Pamph. L., p.* 1550; *N. J. Stat. Annual* 1934,
§ *136-1829B), be held liable for the negligence of its officers,
agents or employes, even though a cause of action stated by
the person injured charges active wrongdoing on their part
in that respect as the producing cause of the injury, for
which compensation is sought.   In other words, invoking the
statute, it is urged in behalf of defendant that the complaint
here considered should be stricken, because it attempts to
set up a cause of action barred by it.

The statute provides that no county, municipality or school district shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding. The purpose of the act, it is said, was to clarify the existing law as to the non-liability of counties, municipalities and school districts when public grounds or buildings are used and individuals are injured in such use. *Cohen* v. *Morristown,* 15 *N. J. Mis. R.* 288; 190 *Atl. Rep.* 851.

The complaint, in condensed narrative, recites that on February 12th, 1937, and for many years prior, the town of Morristown had sole control and maintenance of the public park, commonly called and known as "The Green;" that while in the exercise of such control, by its duly authorized agents, it constructed and laid certain concrete walks connecting with others in the park, to facilitate the passing of pedestrians through it; that one of them, intended to be used by the public as a way of entrance and exit from and to the sidewalk of the adjacent street, and to connect with it, was so laid as to terminate at the edge of this sidewalk (also of concrete and in control of the town), but instead of being brought to the grade or level of the latter was, at its end, left at a height of three inches above it, thus creating a hazardous condition and endangering those lawfully using the walks. Mrs. Selph, it appears, on the day in question, had walked through the park and was about to step to the walk on the street, when, not observing the difference in the level of the two, fell and was injured. The present suit was brought to recover on the theory of negligence resulting from active wrongdoing on the part of the municipality in the manner in which it laid the walk leading from the park to the street sidewalk. Mr. Selph joins in the suit by reason of his derivative cause of action.

In ordinary circumstances, such a complaint would be regarded as setting forth a valid cause of action. A sidewalk construction such as that stated was declared a nuisance in *Braelow* v. *Klein,* 100 *N. J. L.* 156; 125 *Atl. Rep.* 103, involving as it did a footpath in a public highway so far out of alignment with the true pavement level as to constitute

a danger in its use and the continuance of that condition by the defendant without any effort on his part to correct the misalignment or to remove the danger.

The exceptions to the general rule that a municipality is not liable to an individual for the negligence of its officers or agents in the performance of a public duty imposed upon it by law, relating as they do either to private actions arising from injuries resulting from the use of public places by the municipality in the proprietary sense, based on the idea of profit or gain, or to cases of active wrongdoing, have long been recognized. The subject will be found comprehensively discussed in *Allas* v. *Rumson*, 115 *N. J. L.* 593; 181 *Atl. Rep.* 175, which contains a full citation of pertinent authorities, both here and in England, with a satisfactory definition of "active wrongdoing," which may result in fixing the liability of a municipality or other public corporate body. It was there said: "Generally, the test of liability to a private action by a municipality, for special damage, is whether such damage is or is not a part of a public wrong for which an indictment will lie; but this exemption does not extend to private injury resulting from active wrongdoing chargeable to the municipal corporation. There is such active wrongdoing when the private injury has resulted from a wrongful act or positive misfeasance, as distinguished from mere negligence. Misfeasance is the wrongful and injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner."

The sole question here, therefore, is whether the defendant is exempt from liability to an action of the nature of the present suit by reason of the bar of the statute relied upon (*supra*). It may be observed that it was held not a bar in the case of *Leeds* v. *Atlantic City*, 13 *N. J. Mis. R.* 868; 181 *Atl. Rep.* 892, which related to the use of a public building with the motive of making a profit, a proprietary use, under the direct management of the municipal corporation, in which admission fees were charged to the public. If the statute was intended to clarify the existing law as to non-liability of the public bodies named, it is not at all clear that where an individual is injured as the result of the active wrong-

doing of such a corporation, by its officers, agents or employes, that it was designed to provide an exemption in such a case, nor does it appear broad enough in its implication to include the exceptions to the general rule of freedom from liability for special damage in the exercise of governmental functions or the performance of public duties. It could hardly have been the intention of the legislature to grant the privilege of exemption in such a case to the public bodies named which it denies to the private citizen. Moreover, the walk in question, connecting as it does with the sidewalk on the street, is indicated as part of a continuous thoroughfare dedicated to public use, as much so, indeed, as the streets and sidewalks surrounding the park, and was such at the time of the accident giving rise to the present suit. There is no suggestion that the statute exempts from liability the municipality in a case of active wrongdoing in the public streets or ways to the special damage of an individual who may have a private action therefor, and it is not consequently perceived that the thoroughfare where the accident here involved happened must necessarily be included in the classification of "public grounds, buildings or structures" referred to in the statute.

It will suffice to say that the act is not regarded as sufficiently implicit in its phrasing to include the locale of the accident. The conclusion is that the motion to strike the complaint on the ground that it does not state a cause of action, because such action is barred by the statute, should be denied. Other potential issues discussed on the argument appear to be purely factual and may be disposed of on the trial of the cause.