MABEL B. FISHER AND J. KERWIN FISHER, HER HUS-
BAND, PLAINTIFFS-RESPONDENTS, v. TOWN OF NUT-
LEY, DEFENDANT-APPELLANT.

Submitted February 11, 1938—Decided May 11, 1938.

For the defendant-appellant, *Edwin J. C. Joerg.*

For the plaintiffs-respondents, *Coult, Satz & Tomlinson* (*Joseph Coult, Jr.,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a judgment of the Supreme Court entered in favor of the plaintiffs on the verdict of a jury against the defendant town of Nutley.

The plaintiffs sued to recover for personal injuries suffered by the plaintiff Mrs. Fisher, and consequential damages suffered by her husband, growing out of an injury to the wife by reason of running into an iron pipe in a street in the town of Nutley while plaintiffs were coasting. The suit was tried upon the theory that the injury was caused by the active wrongdoing of the town and the jury so found.

The plaintiffs' evidence tended to show these facts: The municipality had set apart the public highway known as Rutgers Place hill for coasting. Barriers were erected at the top and bottom of the street, and on intersecting streets, and municipal agents were stationed there. While coasting down the hill the plaintiffs' sled was diverted by a rough spot in the snow and swerved to the side of the road where, as a result of preparation for the coasting, snow had been "piled up," and their sled collided with a large iron pipe, placed there along the roadside by the town, and protruding into the street. The pipe was about sixteen feet long, weighed about five hundred pounds, and had "some snow over it." The result was personal injury to Mrs. Fisher, the plaintiff.

The defendant's first point on this appeal is that the complaint failed to charge active wrongdoing and that it should have been struck out on defendant's motion.

We think this point is without substance. The complaint charged, among other things, that the municipality deposited the pipe on the public highway in question, which had been designated and set apart for coasting, without warning or other safeguards to those lawfully so using the highway. The

defendant seems to argue that the complaint merely charged negligence in the performance of a public duty, and that therefore the municipal corporation was exempt from liability. But this contention is ill-founded both in point of fact and in law. The exemption of a municipal corporation from actions by individuals suffering special damages from its neglect to perform or negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result, as here charged, of active wrongdoing chargeable to the corporation. *Kehoe* v. *Rutherford,* 74 *N. J. L.* 659; *Town of Union* v. *Durkes,* 38 *Id.* 21; *Hart* v. *Freeholders of Union,* 57 *Id.* 90. That the charge in the present case amounted to a charge of active wrongdoing there can be no doubt.

The defendant next argues that its motions to nonsuit and to direct a verdict should have been granted because of want of evidence that there was active wrongdoing upon the part of the defendant.

This point likewise is without substance.

The present case is much like those in which a municipality made an excavation in its highway and then failed to erect warning lights or barriers. One of the most recent of such cases is *Hammond* v. *County of Monmouth,* 117 *N. J. L.* 11, in which reference is made to earlier decisions holding that municipalities are liable for private injuries resulting therefrom. Again, this court in *Allas* v. *Rumson,* 115 *Id.* 593, in an opinion by Mr. Justice Heher, reviewed the cases relating to the liability of municipal corporations for similar torts. Among others is *Cochran* v. *Public Service Electric Co.,* 97 *Id.* 480, in which it was held that a safety isle, if not properly lighted, might become a nuisance due to the negligence in failing to light the obstruction and the municipal corporation be liable for positive misfeasance, as in the case of *Hart* v. *Freeholders of Union,* 57 *Id.* 90. Another case much like the present case was likewise referred to with approval in *Allas* v. *Rumson, supra.* That was the case of *Foreman* v. *Mayor, &c., of Canterbury, L. R.* 6 *Q. B.* 214, in which a heap of stones was left by the side of the road

without light and the plaintiff on a dark night drove his cart into it and was upset and injured, and it was held that the municipality was liable. In that case, as in this, the municipality left materials to be used in the course of its lawful work, in such a position in the road that its presence without guard or warning constituted a menace to the safety of persons lawfully using the highway. In that case the municipality had performed an authorized act in an unauthorized manner. In the present case the act of putting the pipe in the road was authorized but the manner was unauthorized, for the defendant was not authorized to place the pipe so that it protruded into the highway set apart for coasting, nor to place it there without warning or barriers. So in the present case there was certainly evidence tending to show such active wrongdoing by such wrongful act or positive misfeasance as distinguished from mere negligence.

Misfeasance is the wrongful and injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner. *Allas* v. *Rumson, supra.*

The defendant also contends in this connection, that there was no evidence of active wrongdoing chargeable to the town. But its own witnesses said that the pipe had been placed on the surface of the public highway by the town. True, they said that the pipe was placed on a grass plot between the curb and the sidewalk and not in the gutter; but one of plaintiff's witnesses testified that she saw the pipe, which weighed about five hundred pounds, placed there, and the next morning found that it was in the gutter. From this evidence an inference is deducible that it was placed there by the town's agent and the evidence tended to show that the pipe protruded into the highway at a point close to the portion of the roadway devoted to coasting. The defendant argues that from this testimony no inference can be drawn that the pipe was placed in the position in which the witness found it the following morning. We cannot concur in that view. The general rule is that testimony is relevant when the fact to which it is applied is so related to another (and material) fact that, according to the common course of events, the existence of

the former fact proves or renders probable the existence of the latter. *State* v. *Claymonst,* 96 *N. J. L.* 1; *affirmed,* 97 *Id.* 345.

Next defendant argues that the court erred in charging the jury that "where the injury is caused by positive misfeasance, as distinguished from mere negligence, there can be no recovery." The latter part of this statement was erroneous, but that was an obvious slip as the context plainly shows, and was immediately thereafter corrected. However, if the error was harmful at all, it was harmful only to the plaintiff and not to the defendant. Furthermore, there was no exception to that portion of the charge, and hence in any event there cannot be a reversal.

Lastly, it is said that the court erred in charging the jury that "the primary factual question for you to determine is did this pipe protrude into the street? That will be the first question for your determination." It is said that this was confusing and misleading. We think not. We think it was entirely accurate, and considering the entire charge, it was not confusing in any respect.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, HEHER, PERSKIE, PORTER, DEAR, RAFFERTY, WALKER, JJ. 11.

*For reversal*—PARKER, DONGES, HETFIELD, WELLS, WOLFSKEIL, JJ. 5.