## SEEMER v. RITTER.
### No. 4226.

District Court, M. D. Pennsylvania.

Nov. 28, 1938.

Bailey & Rupp, of Harrisburg, Pa., for plaintiff.

Miller Alanson Johnson, of Lewisburg, Pa., for defendant.

WATSON, District Judge.

This is an action for damages brought by Indie E. Seemer, a resident of Virginia, against Ernest R. Ritter, a resident of Pennsylvania. It is now before the Court on motion of the Defendant for leave as third-party plaintiff to serve a summons on William E. Todd and Effie L. Todd, residents of Maryland, in accordance with Rule 14 of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. The original plaintiff has filed a brief in opposition to the motion.

Plaintiff's action is based upon injuries suffered in an automobile accident alleged to be due to the negligence of the defendant. Defendant's third-party complaint alleges that the accident in which the plaintiff was injured was due to the negligence of the proposed third-party defendant and not to his, the defendant's negligence.

The ground of the Plaintiff's objection to the motion is that this district is not the proper venue of an action against the proposed third-party defendant.

Defendant's motion should be granted. Plaintiff has disclosed no interest of her own which might be adversely affected by the joinder of the proposed third-party defendants. Assuming, without deciding, that this Court is without jurisdiction over the proposed third-party defendants, and that this district is not the proper venue for an action against them, it may be that they might voluntarily submit themselves to the jurisdiction of the Court and never raise the question of venue. Clearly, in such case, the Court would have the power to dispose of the action against them, and no right of the plaintiff would be impaired by the Court's action. If plaintiff is entitled to judgment against the original defendant, her right will not be impaired by the fact

that another defendant is joined in the action. On the other hand, by permitting joinder, the entire controversy can be disposed of at one time and the rights and liabilities of all persons interested adjudicated. The proper persons to raise the questions advanced by the plaintiff are those summoned into the action after service upon them has been had.

Now, November 28, 1938, defendant's motion for leave as a third-party plaintiff to serve a summons and complaint upon William E. Todd and Effie L. Todd is granted.