MIRABELLA LENTINI, PLAINTIFF-APPELLANT, v. TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted October 11, 1938—Decided April 17, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiff-appellant, *Samuel Rosenblatt.*

For the defendant-respondent, *George S. Harris.*

BROGAN, CHIEF JUSTICE. Plaintiff appeals from a judgment of the Essex County Common Pleas Court dismissing her complaint on the ground that "it fails to show a cause of action in favor of the plaintiff against the defendant."

The complaint charges that the defendant municipality, having the duty to maintain the public highways in Mont-

clair in good and safe condition, undertook to repair Wood-
lawn avenue by "seal-coating" the surface of that highway.
This operation consisted in treating the surface with oil and
covering same with crushed stone and dust. The complaint
further alleges that the oil was laid down on the road "in
such a quantity and in such a manner" that the pavement
became slippery, with the result that it became a place of
danger and amounted to a common nuisance as far as the
public was concerned. The plaintiff was seriously injured by
falling thereon. The second count of the complaint is a vir-
tual repetition of the first.

The court below held that the complaint did not state a
cause of action and relied chiefly on the case of *Lydecker* v.
*Freeholders of Passaic,* 91 *N. J. L.* 622, but we do not think
that this case is controlling. There, an excess amount of oil
was spread on the roadway by a contractor. The municipality
was not the active *tort feasor* and the complaint charged a
mere omission of duty, *i. e.,* failure to warn the public, &c.
Our view here is that the burden of the complaint before us
charges affirmative negligence amounting to misfeasance. It
is not an omission to perform a duty that is charged but
rather active, affirmative wrongdoing. There is no right of
action for injuries received by an individual because of a
neglect to perform a duty, *i. e.,* non-feasance. A municipality
is not answerable for non-feasance on the part of its servants
or agents unless such liability be created by positive statutory
law, but a municipality is answerable to an individual who
suffers a private wrong when such injury arises from the
misfeasance or malfeasance of the municipality when that
private wrong results from active wrongdoing on the part of
the municipality, and even though it be in the performance
of a governmental duty under circumstances and results
amounting to common nuisance for which an indictment
would lie. See *Allas* v. *Rumson,* 115 *N. J. L.* 593, and cases
therein cited.

We are further of the opinion that facts are sufficiently
pleaded which, if proved, would justify the finding that there
was active wrongdoing.

The defendant municipality urges in its brief that the plaintiff was manifestly guilty of contributory negligence or assumption of risk, but these are matters of defense and certainly do not appear on the face of the complaint which is all that is before us.

The judgment will be reversed, and costs will abide the event.