### KRAVAS et al. v. GREAT ATLANTIC & PACIFIC TEA CO.

#### No. 152.

District Court, W. D. Pennsylvania.

May 23, 1939.

Dipple & Oliver, of Pittsburgh, Pa., for plaintiffs.

Smith, Buchanan & Ingersoll and Elmer E. Myers, all of Pittsburgh, Pa., for Great Atlantic & Pacific Tea Co.

A. C. Teplitz, of Pittsburgh, Pa., for Jos. W. Davis.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for People's-Pittsburgh Trust Co.

SCHOONMAKER, District Judge.

This is a suit by the plaintiffs, citizens of Pennsylvania, against the defendant, The Great Atlantic & Pacific Tea Company, a New Jersey corporation, to recover damages for personal injuries alleged to have been suffered by the plaintiff Katherine Kravas, when she fell on cellar doors in the sidewalk in front of a storeroom at 21 Magee Street, Pittsburgh, Pennsylvania.

Under Rule 14(a) of the Federal Rules for Civil Procedure, 28 U.S.C.A. following

section 723c, third-party complaints were filed against Joseph Davis and the Peoples-Pittsburgh Trust Company, alleging that Davis, as the owner of record of the property in front of which the plaintiff was injured, and the Peoples-Pittsburgh Trust Company, mortgagee in possession thereof, were solely liable to the plaintiffs for the cause of action declared upon, by reason of their control and possession of the sidewalk and cellar doors in front of the storeroom rented to defendant; and that the said third-party defendants are liable over to defendant for all damages plaintiff may recover. The third-party defendants are citizens of Pennsylvania.

The motion to dismiss is based on two grounds: (1) this court is without jurisdiction of the third-party complaints, because both the plaintiffs and the third-party defendants are citizens of Pennsylvania; and (2) because the claims of liability on the part of the third-party defendants arise on a contract which is separate and distinct from the cause of action forming the basis of plaintiffs' suit.

On the jurisdictional question we ruled on March 23, 1939, in Bossard v. Mc-Gwinn, 27 F.Supp. 412, that we had jurisdiction over a third-party complaint, even though the plaintiff and the third-party defendant were residents of Pennsylvania. We adhere to that ruling in the instant case, and do not care to add anything to our opinion filed in Bossard v. McGwinn. Our ruling is further supported by a similar decision in the United States District Court for the Southern District of West Virginia in the case of Crum v. Appalachian Electric Power Company, 27 F.Supp. 138.

The second objection to the third-party complaint is made because of the alleged claim of liability of the third-party defendants arising on a contract which is separate and distinct from the cause of action forming the basis of plaintiffs' suit. We see no merit in this contention, because the rule permits a defendant to bring in a third party, "who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

We have that precise situation here. The Pennsylvania authorities, Murray v. Pittsburgh Athletic Company, 324 Pa. 486, 188 A. 190; Jones v. Wohlgemuth, 313 Pa. 388, 169 A. 758, cited by the third-party defendants, are not helpful in construing this rule, because the Pennsylvania rule against joining actions of trespass and assumpsit in one suit is no longer applicable in the Federal courts, where we now have but one form of action, known as a "civil action." See Rule 2.

Of course, since Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court will follow the law of Pennsylvania in determining whether there is a right to indemnity or contribution presented in the instant case as against the third-party defendants; but the Pennsylvania procedural practices cannot be followed. If there is a substantive right to indemnity or contribution accruing to defendant as against the third-party defendants, the procedure for its enforcement is Rule 14 of the Federal Rules of Civil Procedure.

The motion to dismiss will be denied. An order may be submitted accordingly.