## SATINK v. HOLLAND TP. et al.
### No. 208.

District Court, D. New Jersey.
June 9, 1939.

Collins & Corbin and Charles W. Broadhurst, all of Jersey City, N. J., for plaintiff.

Gebhardt & Gebhardt and Philip R. Gebhardt, all of Clinton, N. J., for defendant Hunterdon County.

John A. Hartpence, of Jersey City, N. J., for defendant Holland Tp.

FORMAN, District Judge.

Plaintiff, a resident of New York, alleges that defendants, residents of New Jersey, either jointly or severally constructed and maintained a highway which traversed an existing railroad track operated and maintained by the Lehigh Valley Railroad Company at a point existing on a downhill grade, and that the downhill rail of the track was elevated one inch above its parallel rail by virtue of a curve in the

track at the point of intersection. Plaintiff complains of the fact that the level of the highway was constructed and maintained one inch below the downhill rail of the track, thereby creating a nuisance and a dangerous situation. Plaintiff, a passenger in an automobile which crossed the rail, alleges that by virtue of the improper construction and maintenance of the highway she was thrown with great force forwards and upwards, suffering severe injury. The complaint alleges facts indicating that the defendant, County of Hunterdon, had notice of this "nuisance" and "dangerous situation", and that subsequent to plaintiff's injury, the level of the highway was repaired and caution signs were erected so that now the "dangerous situation" no longer exists.

The defendant, Township of Holland, a municipal corporation, and the defendant, County of Hunterdon, another governmental entity, now move to dismiss on the ground that no cause of action is stated.

Each motion is based upon the proposition that a governmental agency engaged in a governmental function can be held for damages in tort only for "active wrongdoing" or "mis-feasance", but is not responsible for acts of "passive wrongdoing" or "non-feasance". The parties hereto agree in the foregoing principle, but are at issue in its application to the facts herein.

In addition, defendants contend that the following statute precludes recovery in any event: "No municipality or county shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding." Revised Statutes of New Jersey, 1937, 40:9–2, N.J.S.A. 40:9–2.

Whatever confusion may have existed in the application of the above stated proposition, the decision of Justice Heher in the case of Allas v. Rumson, New Jersey Court of Errors and Appeals, 1933, 115 N.J.L. 593, 181 A. 175, 102 A.L.R. 648, sets forth the state courts' present conception of what constitutes a mis-feasance or non-feasance. Hence, it will be unnecessary for this court to examine the New Jersey cases prior to that decision. Therein, the defendant, a municipality, had constructed a ramp without guard rails on lands devoted by it to a public footway extending to its municipal building in which the plaintiff was injured. The court stated the rule to be as follows: "The true distinction seems to be whether the private injury has resulted from a wrongful act or positive misfeasance, as distinguished from mere negligence. A private action must rest upon some positive, affirmative act, 'wrongful in itself, and detrimental to the plaintiff.'" 115 N.J.L. 593, 595, 181 A. 175, 176, 102 A.L.R. 648.

This principle was then applied in the following language: "So tested, the evidence here presents a case of active wrongdoing attributable to the municipal corporation. The misfeasance consisted in the building of a ramp so fashioned as to constitute a place of danger. In constructing this sloping passageway, without guard rails or barriers upon the adjoining ground levels, or other device adequate to protect against injury persons exercising reasonable care in the use of the premises, the municipality was the active agent or instrument in the creation of a condition perilous to human safety on lands devoted by it to a public footway extending to its municipal building; it was directly responsible for the dangerous construction that, in the darkness of night particularly, constituted an ever present menace to the personal safety of the users of the premises. This is not a case of mere neglect by the municipality, or negligence in the performance of a public duty imposed upon it by law; nor is it classable as the negligent performance of a public duty directly imposed by law on its officers. * * *" 115 N.J.L. 593, 595–596, 181 A. 175, 176, 102 A.L.R. 648.

Defendants endeavor to distinguish Allas v. Rumson, supra, on the ground that the injury therein arose in a public building, whereas the injury involved herein arose on a public highway. But this very argument was answered in Allas v. Rumson, as the following excerpts will indicate:

"* * * The liability of a municipality with respect to its public highways does not rest upon a different basis." 115 N.J.L. 593, 600, 181 A. 175, 179, 102 A.L.R. 648.

"* * * and we are unable to perceive a sound reason for holding the municipality liable for active wrongdoing in the one case and not in the other, or for an essentially different classification of the municipal act or conduct when it concerns a passageway of more limited use than a general public highway. Positive misfeasance in the one case bears the same classification in the other. They do not admit of a distinction in principle. The difference between the use of the premises here and the sidewalk or footpath which is a part of a

general public highway is one of degree merely and not of kind." 115 N.J.L. 593, 601, 181 A. 175, 179, 102 A.L.R. 648.

No departure in the application of the principle of the above case or any inconsistency therewith has developed in the evolution of the rule in question. A number of cases have followed the policy laid down therein and a brief analysis of them will suffice to indicate this unanimity of decision.

In the case of Hammond v. County of Monmouth, 117 N.J.L. 11, 186 A. 452, the defendant had made an excavation in the center of the highway in order to repair bricks in a culvert. The rear wheels of the truck plaintiff was driving dropped into the excavation overturning the truck, giving rise to the injuries involved. The court held that a failure to guard adequately the excavation constituted active wrongdoing.

The case of Fisher v. Town of Nutley, 120 N.J.L. 290, 199 A. 40, presents a situation wherein the complaint charged, among other things, that the municipality deposited an iron pipe on the public highway which had been designated and set aside for sledding without warning or other safeguard to those lawfully using the highway. Defendant attacked the complaint on motion to strike, because it failed to charge active wrongdoing on the part of the defendant. The court refused to strike the complaint and held that the allegation amounted to a charge of active wrongdoing.

Lentini v. Town of Montclair, 122 N.J. L. 355, 5 A.2d 692, involves a complaint wherein it was alleged that the defendant, a municipality, excessively oiled the surface of a public highway in the repair thereof, thereby creating a dangerous situation and a nuisance which caused injury to the plaintiff. The court held that this allegation constituted a charge of active wrongdoing.

In the case of Cohen v. Morristown, 190 A. 851, 15 N.J.Misc. 288, plaintiff alleged that the defendant, a municipality, constructed a culvert or bridge without providing guard rails or lighting facilities, and that by virtue of the absence of these precautions plaintiff was injured. It was held that a cause of action was stated.

And in the case of Selph v. Morristown, 195 A. 862, 16 N.J.Misc. 19, plaintiff charged that the defendant, a municipality, constructed and maintained sidewalks in a park which connected with the sidewalk in the adjacent street where the point of connection was three inches above the level of the sidewalk in the street, and that this condition caused the injuries of which complaint was made. It was likewise held that a cause of action was stated.

These cases demonstrate the trend of the modern policy of the courts of New Jersey in dealing with the immunity of governmental corporations from suits in tort. Here, the complaint charges the creation and maintenance of a dangerous situation in that a public highway was not flush with the railroad track. Such a complaint states a course of conduct on the part of the defendants which may be characterized as a charge of "mis-feasance". The motion to dismiss for failure to state a cause of action is denied.

The contention that the statute hereinbefore quoted precludes recovery in any event is without merit. This statute concerns public grounds, buildings or structures. It has been held not to bar damages for injuries sustained in the repair of culverts in the public highways. Hammond v. County of Monmouth, supra. And there are intimations in the case of Selph v. Morristown, supra, that the statute in question was not intended to apply to accidents arising on the public highway. It is stated therein as follows: "There is no suggestion that the statute exempts from liability the municipality in a case of active wrongdoing in the public streets or ways to the special damage of an individual who may have a private action therefor * * *." 195 A. 862, 864, 16 N.J.Misc. 19, 22. It follows that this statute is inapplicable.

Defendants move to strike out those portions of the complaint alleging that defendant, County of Hunterdon, had notice of the defect in the crossing prior to the injury of which complaint is made, and the allegation concerning the subsequent repairs to the highway which were made by the defendants.

The Rules of Civil Procedure provide as follows: "Each averment of a pleading shall be simple, concise, and direct. * *" Rule 8(e) (1), 28 U.S.C.A. following section 723c. With regard to the allegation of prior notice the objection is without merit. However, the complaint unnecessarily elaborates in this allegation to the extent that it invades the prohibition against the averment of evidentiary facts. This allegation incorporates by reference a letter written by Frank W. Bohren, Engineer of

Hunterdon County, informing it of the condition of this crossing and requesting it to repair the same in accordance with his suggestions. To this extent this averment is not a simple, concise and direct statement and should be stricken.

■ The allegations relating to subsequent repair must be stricken in toto. At this point of the proceeding it would be impossible for the court to determine whether or not such facts as these would even be admissible in evidence. That being the case, there is more cogent reason for disallowing their retention in the pleadings. We cannot avoid the conclusion that these are also matters which fall within the field of evidence, and are improperly alleged.

Both defendants move to bring in the railroad company as a third-party defendant. Defendant, County of Hunterdon, moves to bring in the owner and driver of the car in which plaintiff was riding at the time of the accident. These motions are made under Rule 14(a) of the Rules of Civil Procedure which provides as follows: "Before the service of his answer a defendant may move ex parte * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

Notwithstanding the fact that this application can be made ex parte, plaintiff objects to the addition of these parties. It is argued that the owner and driver of the car and plaintiff are residents of the same state, and that their joinder would oust this court of jurisdiction. Plaintiff also objects on the ground that Rule 14(a) does not permit the joinder of third-party defendants where the substantive law of the state does not permit reimbursement, indemnification or contribution as between tort feasors.

There have developed two schools of thought among the courts in the application of the Rules of Civil Procedure with reference to the joinder of third party defendants. The cases, F. & M. Skirt Company, Inc. v. A. Wimpfheimer & Bro., Inc., D.C., 27 F.Supp. 239, and King v. Shepherd et al., D.C., 26 F.Supp. 357, hold that third-party complaint practice does not extend venue or affect the jurisdictional requirement of diversity of citizenship. These cases rely upon Rule 82 which provides as follows: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." To conform with these cases it would be necessary to conclude that the proposed third-party defendants (the owner and driver of the automobile) cannot be joined because they are residents within the same state as plaintiff.

Seemer v. Ritter, D.C., 25 F.Supp. 688, Crum v. Appalachian Power Co., D.C., 27 F.Supp. 138, Bossard v. McGwinn, D.C., 27 F.Supp. 412, and Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F. Supp. 66, are cases adopting a rule contrary to the principles set forth in the above cases. These cases hold that the third-party claim does not need independent jurisdictional grounds for support, as the claim is only ancillary to the primary claim. This reasoning is based upon the fact, inter alia, that Form 22, accompanying the Rules of Civil Procedure, which relates to third-party complaints, unlike the forms for original complaints, omits any allegation of jurisdiction. Crum v. Appalachian Power Co., supra, makes the following pertinent comments:

"On examination of official form 22, it seems to me that the Committee (that formulated the rules) and the Supreme Court adopted this view, since the form for a third-party complaint, unlike the forms for original complaints, omits any allegation of jurisdiction.

"This idea seems to have been strongly urged by commentators, especially in the Yale Law Journal, 44 Yale L.J. 1291, 1322; 45 Yale L.J. 393, 421. See Moore's Federal Practice, Volume 1, pages 779–782." 27 F.Supp. 138, 139.

■ The contention that Rule 14(a) cannot alter the substantive law of a state disallowing contribution, indemnity or reimbursement as between joint tort feasors is not persuasive. We do not understand that the defendants propose to join these third parties on the ground that they should share the losses with, reimburse or indemnify them in the event that the third-party plaintiffs are found liable to plaintiff. They do not ask that the third-party defendants pay the damages on condition that plaintiff recovers judgment against them, the defendants. On the contrary, defendants take the position it is they who are liable and not we, and if judgment is recovered it should go against them, the third-party defendants.

72

■ On this problem Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715, is analogous. Therein, plaintiff complained of personal injuries incurred in an automobile accident due to the negligence of Charles Newburgh, defendant's insured. Plaintiff's action against Newburgh became barred by the statute of limitations, and this suit was brought against the defendant, insurer, on two theories—(1) defendant orally promised to pay plaintiff a sum of money if plaintiff would desist from suing the estate of Newburgh, and (2) plaintiff was induced to abandon her cause of action against Newburgh due to the fraudulent promises of defendant. Defendant moved for leave to join William Wendell as a third-party defendant, the attorney of plaintiff, alleging that it was his duty to institute suit in behalf of plaintiff against the estate of Newburgh within the statutory period for failure of which he alone was liable to plaintiff. Wendell moved to dismiss the third-party complaint. The court observed that Rule 14(a) permits a plaintiff to "amend his pleading to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." Therein, the court made the following test to determine if the third-party complaint should be allowed: "If the claim set out in the third party complaint might have been asserted against the third party defendant had he been joined originally as a defendant, it follows that the defendant is entitled, as a third party plaintiff, to bring in such third party defendant." 26 F.Supp. 715, 719.

Under this test it was held that plaintiff could have joined Wendell originally as a defendant with the defendant joined and demanded relief in the alternative. Accordingly, the objections to the third-party complaint were over-ruled.

The Rules of Civil Procedure, Rule 20, provide as follows: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." and Rule 18(a) with reference to joinder of causes as follows: "The plaintiff * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied."

■ Applying the test set forth in Crim v. Lumbermens Mut. Casualty Co., supra, to the case at bar this court is of the opinion that the proposed third-party defendants could have been joined originally had the plaintiff elected to do so. Also see Seemer v. Ritter, supra, Bossard v. McGwinn, supra (in each of these cases defendant was permitted to bring in third parties allegedly liable to plaintiff for personal injuries arising out of automobile accidents); Crum v. Appalachian Power Co., supra (defendant power company was permitted to bring in plaintiff's employer claiming it was liable for the injury involved); and Kravas et al. v. Great Atlantic & Pacific Tea Co., supra (defendant was permitted to bring in the owner and mortgagee in possession of the building in which plaintiff was injured as third-party defendants. Incidentally, the court stated that if there was a substantive right of contribution it was governed by Rule 14).

The objections offered by this plaintiff in opposition to the inclusion of the proposed third parties are over-ruled.

Both defendants have abandoned their contentions that this court is without jurisdiction between the plaintiff and themselves. This was based upon the assertion that the Township of Holland and the County of Hunterdon are not citizens within the meaning of the jurisdictional requirement that there be diversity of citizenship. Hence, it will be unnecessary to consider the point.

■ Finally, defendant, County of Hunterdon, moves to take the deposition of the plaintiff, Louise Satink, and for an order requiring plaintiff to furnish a bill of particulars. No objection being made, these motions are granted.