## MORRELL v. UNITED AIR LINES TRANSPORT CORPORATION (UNITED AIRCRAFT CORPORATION et al., Third-Party Defendants).

### LICKEL v. SAME.

District Court, S. D. New York.

Oct. 26, 1939.

Thomas D. Scoble, Jr., of White Plains, N. Y., for Morrell.

Wherry, Condon & Forsyth, of New York City, for Lickel.

Cravath, de Gersdorff, Swaine & Wood. of New York City (William W. Robison, of New York City, of counsel), for Bethlehem Steel Co.

Haight, Griffin, Deming & Gardner, of New York City (Donald Havens and David L. Corbin, both of New York City, of counsel), for United Air Lines Transport Co.

John P. Smith, of New York City, for United Aircraft Corporation.

GODDARD, District Judge.

Motions are made by the third-party defendant, Bethlehem Steel Company, to set aside third-party summonses which

have been served upon it by the defendant, United Air Lines Transport Corporation, in each of the two actions. The granting of this relief is urged upon several grounds. All but two of the asserted reasons are directed to the objections that the third-party complaints fail to show any grounds for the exercise of the jurisdiction of this court over the controversy set forth in them and that in any event, as to the third-party defendant, Bethlehem Steel Company, the venue is improper.

Both cases are civil actions brought in this district under the diversity jurisdiction. Plaintiff, Morrell, is an administratrix appointed in New York County, and plaintiff, Lickel, is an administratrix appointed in Queens County. They originally brought actions against United Air Lines Transport Corporation, a Delaware corporation, for the death of their intestates who were killed when defendant's airplane crashed near Cleveland, Ohio. With differences that are not now important, the original complaints allege as one of the specifications of negligence that defendant had failed to inspect one of the plane's engines, which contained a defective cylinder. It is stated that this defect was the cause, or a contributing cause, of the accident.

Before the service of its answers, defendant, United Air Lines Transport Corporation, obtained ex-parte orders of this court under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permitting it to serve third party summons and complaints upon Unit- of Aircraft Corporation, a Delaware corporation, and upon Bethlehem Steel Company, a Pennsylvania company, as third-party defendants. The third-party complaints contain two counts and the second count alleges, in substance, that United Aircraft Corporation was the manufacturer of the engines used in the plane and that Bethlehem Steel Company sold to the manufacturer the cylinder barrel forging which the original complaints alleged to have been defective. In addition, paragraph 13th of the third-party complaints alleges that the deaths of the passengers, pilots and stewardess were due to the negligence of the third-party defendants in the manufacture of the engine and the cylinder barrel forging. The prayer includes a demand that United Air Lines Transport Corporation recover from the third-party defendants such amounts as it may be compelled to pay as damages for the deaths of the passengers.

The third-party complaints do not set forth the citizenship of the Bethlehem Steel Company nor that of the United Air Lines Transport Corporation, although it appears from an admission in the answer of the United Air Lines Transport Corporation that it is a Delaware corporation, and from an affidavit attached to the motion papers that Bethlehem Steel Company is a Pennsylvania company. In short, the third-party complaints do not set forth the facts usually necessary for jurisdictional purposes. However, since Rule 14 of the Federal Rules of Civil Procedure became effective it uniformly has been held in situations such as the one now at bar, that the controversies presented by similar third-party complaints are properly within the ancillary jurisdiction of the court and that there is no necessity for an independent basis of jurisdiction. See Crum v. Appalachian Electric Power Co. et al., D.C., 27 F.Supp. 138; Bossard et al. v. McGwinn, D.C., 27 F.Supp. 412, 413; Kravas v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; Tullgren v. Jasper, D.C., 27 F.Supp. 413; Satink v. Township of Holland, D.C., 28 F.Supp. 67, decided in the District of New Jersey on June 9, 1939 by Judge Forman; Lewis et al. v. United Air Lines Transport Corporation, D.C., 29 F.Supp. 112, decided in the District of Connecticut on August 18, 1939 by Judge Hincks; see also Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370. Cf Moore's Federal Practice, p. 781 et seq.

As it appears that the causes of action set forth in these third-party complaints are ancillary to those stated in the original complaints, the objections that the third-party complaints do not set forth independent grounds for the exercise of the jurisdiction of this court, are not well founded. This conclusion is in accord with the spirit and purpose of Rule 14 which seeks to dispose of all related controversies arising out of one transaction or occurrence in a single suit. If there is no necessity for an independent basis of jurisdiction over the ancillary causes of action set forth in the third-party complaints, it should also follow that the venue requirements of an independent action need not be met. Dickey v. Turner, 6 Cir., 49 F.2d 998; McCabe v. Guaranty Trust Co., 2 Cir., 243 F. 845; Bossard et al. v.

McGwinn, supra. Moreover, it is clear that the spirit and purpose of Rule 14 to a great extent would be frustrated if the venue statutes had to be applied to third-party proceedings under the Rule. Certainly a third-party residing outside this jurisdiction who is brought in under Rule 14 suffers no greater hardship in making his defenses here than those which must be borne by a non-resident defendant in a case founded only on the diversity of citizenship jurisdiction. In that instance, the venue of the suit may be that of either the plaintiff or defendant and the only protections afforded to the non-resident defendant are the requirements surrounding the service of process. In the case of both the third-party proceeding and the original suit the defendant must be served in this district.

It has been held that the service of a third-party summons and complaint upon a non-resident third-party was an attempt to extend the venue of actions in the district courts and violates Rule 82 of the Federal Rule of Civil Procedure. See King v. Shepherd, D.C., 26 F.Supp. 357. Obviously Rule 82 also presents an objection to the exercise of jurisdiction in a case such as is here presented, if what is done does amount to an extension of jurisdiction of this court. But if the scope of ancillary jurisdiction has been correctly construed, Rule 14 does not extend any jurisdiction but merely sets up the procedural machinery for the exercise of a jurisdiction which the court has always had. Similarly, venue is not extended if the law with respect to the venue of ancillary proceedings before the adoption of the new rules is applied to all ancillary proceedings which arise under the rules.

I hold therefore that the third-party summonses should not be set aside, although the third-party complaints do not show any independent grounds for the exercise of the jurisdiction of this court, and even though these complaints would not satisfy the venue requirements of independent and original proceedings.

The third-party summonses are also objected to on the following grounds:

"5. The plaintiff's complaint herein is not directed against, nor does it claim any relief against the third party defendant, Bethlehem Steel Company.

"6. The third party summons requires the third party defendant, Bethlehem Steel Company, to serve an answer to the complaint of the plaintiff herein, although said complaint is not, and the allegations thereof are not, directed against said Bethlehem Steel Company and no relief is asked therein as against it."

Rule 14 of the Federal Rules of Civil Procedure is in itself a sufficient answer to these objections. It provides that the defendant may resort to the third-party practice if a third party "is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him". Obviously it is not material that the original plaintiff has not directed his complaint against the third-party defendant and the fact that the rule permits the original plaintiff to amend his complaint so as to state a cause of action against the third party, substantiates this conclusion.

The rule also provides that after the service of the third-party summons and complaint "the third-party defendant, shall make his defenses * * * against the plaintiff * * * or any other party * * *". It may be that Bethlehem Steel Company will determine that it is not necessary for it to put in a defense to the original complaint, but the fact that the third-party summons permits it to do so is not objectionable.

The motions to dismiss the third-party summonses are denied.