SCHRAM v. RONEY et al. (FURLONG et al., Third-Party Defendants).

No. 1161.

District Court, E. D. Michigan, S. D.

Nov. 15, 1939.

Fred A. Behr, of Detroit, Mich. (Frank W. Coolidge, of Detroit, Mich., of counsel), for third-party plaintiffs.

George E. Brand, of Detroit, Mich., for Paine, Webber & Co.

PICARD, District Judge.

The facts in this case are simple. Plaintiff is receiver of First National Bank-Detroit, a national banking association, and has brought suit, for assessment on bank stock against William C. Roney et al., brokers. After suit was started defendants sought and got permission to serve summons against Paine, Webber & Co. and several others, asking that said Paine, Webber & Co. and others be made third-party defendants. This action was on the theory that although William C. Roney et al, principal defendants, would be liable for the receiver's assessment on shares of stock which stood of record in their name under 12 U.S.C.A. § 64, nevertheless third-party defendants being persons to whom they had sold, transferred and delivered these same bank stocks within sixty days preceding the bank's failure, must necessarily reimburse the original defendants in their suit as third-party plaintiffs. The brokers, William C. Roney et al. in their third-party complaint against Paine, Webber & Co. pray judgment in favor of plaintiff and themselves or in favor of themselves alone, against third-party defendants. It is conceded that the assessment so far as Paine, Webber & Co. is concerned amounts to less than $200 and that two members of Paine, Webber & Co. are citizens of Michigan.

Paine, Webber & Co. appear specially and move to dismiss the third-party complaint against them for lack of essential jurisdiction of this court because:

(a) There is no diversity of citizenship between the brokers, William C. Roney & Company and the third-party defendants, Paine, Webber & Co., and

(b) The amount of the assessment involved as to such third party defendants does not exceed $182.73.

### The Law

The main contention of third party defendants in asking for dismissal is based upon interpretation of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the pertinent part being the first sentence in subsection (a) which reads as follows: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

It is the contention of Roney et al. (third-party plaintiffs) that in this particular law suit, the rights of all parties affected, can and should be liquidated; that it works no particular hardship upon third-party defendants; that the purpose of the rule is evident and that bringing in third-party defendants is merely ancillary to the original suit. On the other hand third-

party defendants contend that since third-party plaintiffs could not themselves have brought defendant into Federal Court, to permit the interpretation of any rule governing practice in the Federal Courts to effect what could not be done directly is in truth an augmentation of jurisdiction which the court does not now possess and is directly contrary to Rule 82, which states: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

Counsel for both parties have submitted many recent citations but only district courts have so far spoken directly upon this phase of Rule 14.

There is no denying the enthusiasm of those primarily responsible for Rule 14 in their desire for a bold attitude on the part of courts towards diminishing multiplicity of suits. With this general proposition this court is in full sympathy and all decisions of other district courts up to the present time, tend to substantiate claim of third-party plaintiffs as we will note herein later. On the other hand, not having the benefit of any court of appeals' precedent, your district court must satisfy itself that in being "bold" it has not transgressed rules of law and direct provisions of the constitution or acts of congress.

In this connection the court has at hand copy of an address delivered at Haddon Hall, Atlantic City, New Jersey, by Alexander Holtzoff, Special Assistant to the Attorney General, at a judicial conference of the Third Judicial Circuit, on September 22nd, 1938, entitled "Twelve Months Under The New Rules". On pages 9 and 10 of that penetrating and able address we find the following:

"At the very inception, a vital question arises in connection with the use of this contrivance, namely, it is necessary that there exist an independent ground of Federal jurisdiction for the third-party complaint? In other words, if the original suit is based on a diversity of citizenship, must there be a like diversity between the defendant and the third-party defendant? The solution of this fundamental problem would seem in turn to depend on the answer to the query whether a third-party proceeding is to be regarded as ancillary to the main suit or as an *independent proceeding*. If the former, obviously an independent ground of Federal jurisdiction is not needed. If the latter, a third-party complaint may not be *maintained unless the defendant can show Federal jurisdiction for the controversy as between him and the third-party defendant.*

"Manifestly, if the narrow view were adopted, third-party practice could be but rarely invoked, especially in cases in which jurisdiction is based on diversity of citizenship. Frequently, there may be a diversity of citizenship as between a plaintiff and defendant without the existence of this element as between the defendant and some person who has agreed to indemnify him, or who is liable to contribution.

"The circuit courts of appeals do not seem to have spoken on this matter as yet. The *district courts,* however, guided perhaps by the inspiring judicial admonition that 'we must let our minds be bold', fortunately, are, one by one, *adopting the view that a third-party proceeding is ancillary or auxiliary to the main action and, therefore, does not require an independent ground of Federal jurisdiction.* This conclusion has been reached in two districts in this circuit, the Western District of Pennsylvania and the District of New Jersey.

"Third-party practice under the new Rules covers a more extensive field than third-party practice under some of the codes, for it is not limited to cases in which the third-party defendant is secondarily liable to the original defendant, but extends also to instances in which the third-party defendant is directly liable to the plaintiff."

In support of the above statements, the following cases were cited: Bossard v. McGwinn, D.C.W.D.Pa., 27 F.Supp. 412; Kravas v. Great Atlantic & Pacific Tea Co., D.C.W.D.Pa., 28 F.Supp. 66; Satink v. Holland, D.C.N.J., 28 F.Supp. 67.

We have read those cases and in addition some others including: Crim v. Lumbermens Mutual Casualty Co., D.C., 26 F.Supp. 715; Crum v. Appalachian Electric Power Company et al., D.C., 29 F.Supp. 90; Lewis v. United Air Lines Transport Corporation et al., D.C., 29 F.Supp. 112; Watkins v. Baltimore & O. R. Co., D.C., 29 F.Supp. 700; Burris v. American Chicle Co., D.C., 29 F.Supp. 773; Calvino v. Pan-Atlantic Steamship Corp., D.C., 29 F.Supp. 1022; Morrell v. United Air Lines, D.C., 29 F.Supp. 757.

There is some distinction in the above cases cited from the case at bar for in most

instances when new defendants were brought in there was a diversity of citizenship between the third-party plaintiff and third-party defendant. In addition most of them are tort cases and none of them involves an action brought by a bank receiver. It cannot be denied, however, that although the courts were not passing upon the identical question of the case at bar, throughout all of the opinions they have adopted the theory that: "If the claim set out in the third party complaint might have been asserted against the third party defendant had he been joined originally as a defendant, it follows that the defendant is entitled, as a third party plaintiff, to bring in such third party defendant." Satink v. Holland, supra [28 F.Supp. 72].

Then in at least one of the cases, Crim v. Lumbermens Mutual Casualty Company, supra, on page 718, of 26 F.Supp. we find the following: "The federal rule is patterned after Admiralty Rule 56, 28 U.S.C.A. following section 723, and extends the right to bring in a party who is or may be liable to the plaintiff."

Upon noting that the above reason seemed to be sympathetically referred to by counsel in the case at bar and in other arguments about Rule 14, this court immediately sought an answer to the question of whether the Admiralty Rule referred to above, which has been in effect many years, was based upon the constitution, an act of congress or whether in the interest of equity and justice the rule has been promulgated to bring in third-party defendants regardless of citizenship.

It is admitted that before Rule 14 was passed, the proposed attempt of third-party plaintiff to bring in these defendants would not have been permissible. What effect, then, did Rule No. 56 have on admiralty practice, and did it remove residential jurisdictional requirements? We find that it did not.

The jurisdiction of the federal courts in Admiralty is derived from Section 24 (3) of the Judicial Code, 28 U.S.C.A., § 41 (3), which provides that the district courts shall have original jurisdiction, "Of all civil causes of admiralty and maritime jurisdiction * * *". The power of congress to confer this jurisdiction on the district courts is in turn derived from Article 3, Section 2, of the Constitution, U.S.C.A., which provides that: "The judicial Power shall extend * * * to all Cases of admiralty and maritime Jurisdiction * * *".

But admiralty jurisdiction does not depend in any way upon diversity of citizenship, there being a separate grant of judicial power for cases in that class in the constitution and a separate grant of jurisdiction by congress for the Judicial Code. In addition the federal statutes do not impose any requirement of jurisdictional amount in admiralty cases as they do in cases where jurisdiction is based upon diversity of citizenship. The power of the Supreme Court to promulgate rules of pleadings and practice in admiralty causes is derived from an act of congress passed in 1842, now 28 U.S.C.A. § 730.

Therefore it is apparent that if the district courts in the foregoing cases have founded their decisions upon the admiralty rule alone and its interpretation throughout the years, this has been a fallacious basis.

However, returning to the case at bar, the first question that presents itself is this:

Is the action between third party plaintiffs and third party defendants a proceeding ancillary to the original suit?

Turning to Webster's International Dictionary, we find that the word "ancillary" means "subordinate to or in aid of another" primary action. Legal definitions are of the same tenor. It can hardly be said that a suit between third party plaintiffs in this cause and third party defendants is "in aid of" any main action, but it can hardly be denied that it is "subordinate" to that main action and the tendency of the courts throughout is that in the aid of justice and equity once the matter has come before the federal courts and the question of venue is not one of paramount importance or is not affected, the jurisdictional requirements are not looked upon as insurmountable when no great hardship or inequity is inflicted upon those third parties. In fact neither the question of jurisdiction nor of the ancillary nature of the proceedings in those cases which have reached the district courts has interfered with the joining of third party defendants, and our district courts that have spoken have all gone under the theory that where there is some connection between the nature of plaintiff's claim against defendant and defendant's claim against third parties has some relation, the entire matter should be threshed out once jurisdiction has been obtained.

There is one point, however, that has given this court more cause for hesitancy and that arises as a result of the decision

in the case of Moss v. Furlong, 6 Cir., 93 F.2d 182. There plaintiff was a resident of the State of Michigan. He was indebted to the bank receiver and was in the identical position on his liability to the bank receiver and his rights against persons to whom he had sold the bank stock, which had not been recorded, as is defendant in the present case. Evidently anticipating suit against himself by the bank receiver he instituted action in the federal court against the bank receiver and included as defendants all others whom he claimed would be indebted to him if he were obliged to pay the receiver. A motion to dismiss was made by those defendants for lack of jurisdiction. It must be remembered that this was before Rule 14 was passed. The court granted the motion to dismiss and although the case is easily distinguishable from the one at bar, the court of appeals uses these significant words found on page 184:

"Any liability, contractual or otherwise, that may exist between plaintiff and defendant-appellees, is no affair of the bank and cannot be adjudicated in a case for winding up its affairs.

* * *

"It was the duty of the receiver speedily to 'close up' the affairs of the bank * * * and *to involve him in litigation with which he had no concern would tend to thwart the very purpose for which he was appointed.*"

In view of that decision can we now by Rule 14 accomplish what was therein prohibited?

█ It is admitted that had plaintiff in this action desired to make third party defendants an original defendant he could have, but for some reason best known to plaintiff, as receiver of a national bank, he did not so desire, or deem such procedure advisable.

Can we now then force plaintiff, bank receiver, to accept as parties defendant and thus encumber his own litigation, other defendants with whom he desires not to be embroiled but who are brought in to settle a controversy that is specifically one between the two sets of defendants? True the receiver in the case at bar has not amended his pleadings and he has likewise failed to object to third party defendants being joined, but the result is the same. He gets someone as defendant that he evidently didn't or doesn't now want.

Ordinarily we would say "no". However, in the Moss case the receiver did not bring suit and the parties were never properly in court so far as defendants living within the State of Michigan were concerned, so the quotation which we have taken from the Moss case was not necessary to its decision. It was dictum entirely. It therefore offers no precedent controlling of this court in the case at bar.

We feel that Rule 14 seeks to accomplish a purpose worthwhile and the trend of our district courts' decisions throughout permitting third party plaintiffs to bring third party defendants into the federal court, even though they could not have done so by direct action but where the original action is jurisdictionally sound, should not be considered "circumvention". We believe that this is an ancillary proceeding and so hold.

We admit that the question is a close one but it is apparent that the rule has a tendency to eliminate to some extent multiplicity of suits and that until this court is bound by precedent of the court of appeals, which decision may come before this case is actually tried, we will deny the motion to dismiss.