PALMER
v.
LANAC REALTY CO., Inc., et al.

GIBBONS
v.
LANAC REALTY CO., Inc., et al.

Civ. A. Nos. 15752, 15753.

United States District Court
E. D. Pennsylvania.

Feb. 25, 1954.

Raymond A. White, Jr., Philadelphia, Pa., for plaintiffs.

Howard R. Detweiler, Frank R. Ambler, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case arises upon plaintiffs' motions to vacate the order allowing the third-party complaints and also to strike off pleadings in two death actions. The gist of plaintiffs' complaints is that the accident and injuries which caused the death of the respective decedents were due to the negligence of the agents of the defendant, Lanac Realty Company, Inc.[1] The latter has filed third-party complaints against L. Blumberg's Son, Inc., the employer of each of the decedents, claiming that on the basis of a written agreement between them the employer is liable to it for the full amount of any judgment which plaintiffs may obtain in the actions.

The reason for plaintiffs' motions is that the third-party complaints would introduce new and separate causes of action between defendant and the additional defendant, resulting in delay, inconvenience and prejudice to plaintiffs' trial.

We believe the motions to vacate or to strike the third-party complaints are improper here. Kravas v. Great A. & P. Tea Co., D.C.W.D.Pa.1939, 28 F.Supp. 66. Motions for separate trials under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C., would seem to this court as being more appropriate in these actions. See 5 Moore's Federal Practice, 2d Ed., § 42.03. The allowing of such

[1] Diversity is the sole basis for this court's jurisdiction over the subject matter of the actions.

a motion by the trial judge would grant the relief sought by plaintiffs in making their present motions. Consequently we will deny plaintiffs' motions without prejudice so that they may be free to present motions for separate trials at the proper time.

Accordingly, plaintiffs' motions will be denied.